People of the State of Illinois, Plaintiff-Appellee, v. Ernest "Ned" Higgins, Defendant-Appellant.

Gen. No. 66–132.

Fifth District.

August 12, 1967.

John C. Feirich, of Carbondale, for appellant.

Richard E. Richman, State's Attorney of Jackson County, of Murphysboro, for appellee.

EBERSPACHER, J.

The defendant, Ernest "Ned" Higgins, was indicted by the Jackson County Grand Jury for the offense of involuntary manslaughter. A trial by jury followed. At the close of all the evidence, the People tendered and the court gave the jury forms of verdict for the offense of involuntary manslaughter, aggravated battery and battery. The jury returned a single verdict, finding the defendant guilty of the offense of aggravated battery. The court, thereafter, entered judgment on the verdict and sentenced the defendant.

The defendant contends that the verdict must be reversed in that such a verdict was an acquittal for the offense of involuntary manslaughter and battery, and that aggravated battery is not an included offense of involuntary manslaughter. It is the opinion of this court that the theory of the defendant must be sustained.

The indictment charged the defendant with the offense of involuntary manslaughter in the language of the statute. The statute provides that "A person who kills an individual without lawful justification commits involuntary manslaughter if his acts, whether lawful or unlawful, which cause the death are such as are likely to cause death or great bodily harm to some individual, and he performs them recklessly." Chapter 38, § 9–3(a), Ill Rev Stats 1965. The jury was so instructed.

The court also instructed the jury that "the crime involuntary manslaughter includes the lesser offense of aggravated battery, therefore, if you should find that the evidence in this case is insufficient for a verdict of 'guilty of involuntary manslaughter,' then you shall consider the

204

sufficiency of the evidence for a verdict of aggravated battery." The jury was also instructed that ". . . involuntary manslaughter includes the lesser offense of battery . . ." The jury was then instructed as to the statutory definition of aggravated battery and battery. The statute provides: "A person who in committing a battery intentionally or knowingly causes great bodily harm or permanent disability or disfigurement commits aggravated battery. . . ." Chapter 38, § 12–4, Ill Rev Stats 1965. "A person commits battery if he intentionally or knowingly, without legal justification and by any means (1) causes bodily harm to an individual . . ." Chapter 38, § 12–3, Ill Rev Stats 1965.

 For an offense to be a lesser offense, and be included within another offense which is greater, it is necessary that the greater offense include every element of the lesser offense plus other elements. As stated by the Supreme Court in the early case of Prindeville v. People, 42 Ill 217, 220 (1866):

> "And, from all the authorities, we are satisfied, that the general rule is, that, where a higher and more atrocious crime fully embraces all of the ingredients of a lesser offense, and when the evidence requires it, the jury may convict of the latter. Where, to convict of the higher offense the prosecutor must prove every fact necessary to constitute the smaller offense, together with the additional fact which makes it the higher offense, before he can have a conviction, then the jury, if the facts warrant it, may convict of the less offense."

This holding has been reaffirmed in the recent case of People v. King, 34 Ill2d 199, 200, 215 NE2d 224 (1966).

> "We agree with defendant that to permit conviction for a lesser offense on an indictment charging only a greater offense, all of the elements of the lesser

must be included within the greater. People v. Glickman, 377 Ill 360; Prindeville v. People, supra. This requirement is a substantial one designated to protect the defendant from exposure to double jeopardy."

Involuntary manslaughter involves not only the additional element of death but a distinctive mental state that is less culpable than that required by aggravated battery. Involuntary manslaughter involves only the mental state of "recklessness" under § 9–3(a) of the Criminal Code, while aggravated battery under § 12–4(a) of the Criminal Code involves the mental state of intent or knowledge.

The Criminal Code provides for the particular mental states necessary for the various offenses. A perusal of the Code reveals a variety of mental states differing in degree of culpability for the various offenses. Article 4 of the Code defines these mental states. Section 4–4 defines the mental state of "intent"; section 4–5 the mental state of "knowledge" and; section 4–6 the mental state of "recklessness." As outlined above, the offense of involuntary manslaughter involves the mental state of recklessness. Section 4–6 provides that a person is reckless ". . . when he consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow described by the statute defining the offense; and such disregard constitutes a gross deviation from the standards of care which a person would exercise in the situation."

The offense of aggravated battery involves the mental state of intent or knowledge. Section 4–5 provides that a person acts knowingly of "The result of his conduct—when he is consciously aware that such result is practically certain to be caused by his conduct." A person acts intentionally as provided by section 4–4 "when his conscious objective or purpose is to accomplish that result or engage in that conduct."

■ ■ It is apparent from these definitions that offenses involving the mental state of "intent" or "knowledge" requires a higher degree of mental culpability than an offense involving the mental state of "recklessness." "Recklessness" is a mental state involving criminal liability of a degree below that of intent or knowledge. To act recklessly falls short of acting intentionally. People v. Ford, 56 Ill App2d 153, 206 NE2d 105 (1965). The offender may act recklessly but without the intent to inflict injury or death and still be guilty of involuntary manslaughter. Involuntary manslaughter is an offense which happens without the intent to inflict injury and death results from acts performed recklessly. People v. Johnson, 54 Ill App2d 27, 36, 203 NE2d 283 (1964).

The closest case in Illinois, involving facts substantially similar to those in the case at bar, is the case of People v. Asbury, 272 Ill 571, 112 NE 289 (1916). In that case, the defendant was indicted for manslaughter. After the evidence was heard, the court instructed the jury that the greater offense of manslaughter included the lesser offense of assault with a deadly weapon with intent to inflict bodily harm. The defendant was convicted of the greater offense of manslaughter and not on the lesser offense of assault with a deadly weapon. The Supreme Court affirmed the conviction on the greater offense, (not on the lesser as here), but in so doing had this to say about the instruction relating to the lesser offense, at page 576 of the opinion:

"This instruction was wrong. The offense of manslaughter, wherein the intent is not necessary to the crime, does not include the offense of assault with a deadly weapon with intent to inflict bodily injury, wherein the intent is essential. It should not have been given, but it did no injury to the defendant. He was not found guilty of the lesser offense."

207

■ Accordingly, to instruct the jury that aggravated battery was a lesser and included offense within involuntary manslaughter was error. The mental state which is an element of the specific offense of involuntary manslaughter involves less criminal liability than the mental state prescribed for aggravated battery.

The People contend that the defendant's objection to the instruction cannot be considered by this court because defendant's counsel did not properly raise the objection during the instruction conference nor in his motion for a new trial. The record discloses that defendant's counsel did object to the instructions at both the instruction conference and in his motion for a new trial, although the nature of his objection is vague.

■■ Even if there is a question of proper preservation of error, the nature of the error in the present case requires review. While courts of review normally decline to consider alleged errors where no objection thereto was made during trial or in the written post-trial motions, they do not hesitate to do so where fundamental fairness so requires. People v. Sprinkle, 27 Ill2d 398, 399, 189 NE2d 295 (1963) ; People v. Cage, 34 Ill2d 530, 534, 216 NE2d 805 (1966).

■ Having arrived at the conclusion that the verdict of guilty for aggravated battery must be set aside, we are faced with final disposition of the case. Here, although the indictment was of only one count—that of involuntary manslaughter, we hold the language of People v. Potts, 403 Ill 398, 86 NE2d 345, to be applicable. There the court, at page 404 said:

> "The next proposition advanced by the defendant is that the jury's failure to make a finding as to count one of the indictment amounts to a finding of not guilty on that count. Counsel for the People confess this to be true, and this court has so held in Thomas v. People, 113 Ill 531."

The jury's failure to make a finding as to the involuntary manslaughter indictment amounts to a finding of not guilty as to that offense; the jury also failed to make a finding as to the offense of battery. As a result, the judgment must be reversed without remandment.

This court commends appointed counsel for his diligence in this matter and an excellent brief.

Judgment reversed.

MORAN and GOLDENHERSH, JJ., concur.