STATE OF HAWAII, Plaintiff-Appellee, *v.* WENDELL C. KUPAU, Defendant-Appellant

NO. 7205

NOVEMBER 26, 1980

RICHARDSON, C.J., OGATA, MENOR, LUM AND NAKAMURA, JJ.

OPINION OF THE COURT BY OGATA, J.

Defendant-appellant Wendell Kupau (hereinafter appellant) was charged with Assault in the Third Degree, in violation of HRS § 707-712. After pleading not guilty, appellant was found guilty in a bench trial of Harassment, in violation of HRS § 711-1106. Appellant was placed on six months' probation.

The uncontradicted evidence showed that the assault charge stemmed from an incident in Waikiki on the evening of July 7, 1978. The victim, Robert Turner, and his girl friend were walking ewa on the mauka sidewalk on Kalakaua Avenue.[1] Suddenly from behind, appellant grabbed Turner by the left shoulder, spun him around and then struck a blow to Turner's chest. During the scuffle, appellant kept shouting that Turner owed him $30. Turner testified that he did not know appellant and that the blow thrown by appellant stunned him, but he felt no pain from that blow. However, Turner further testified that as a consequence of this incident, for the next two weeks, he was very nervous especially when anyone came up from behind.

As a result of Turner's testimony of no bodily injury from the blow, the prosecution midway through its case in chief, moved to amend the charge from assault in the third degree to harassment. The motion was denied. However, the trial court ruled that harassment was a lesser included offense of assault in the third degree. It is from this judgment that appellant bases his appeal.

We are of the opinion that harassment is not a lesser included offense of assault in the third degree under HRS § 701-109(4)(a) or (c). We therefore reverse the judgment of the court below.

I.

The doctrine of lesser included offenses was developed at common law. The common law definition of a lesser included offense is that the lesser must be such that it is impossible to commit the greater without also committing the lesser. *Olais-Castro v. United States,* 416

---

[1] The words ewa and mauka are used to indicate directions. Ewa is toward the district of Ewa, which is in a northwesterly direction. Mauka is a Hawaiian word meaning toward the mountain.

F.2d 1155, 1157 (9th Cir. 1969); *Kelly v. United States,* 370 F.2d 227, 228 (D.C. Cir. 1966); 2 *Wharton's Criminal Procedure,* § 292 (12th ed. C. Torcia 1975).

The federal courts have adopted this common law definition which is found in Rule 31(c), Federal Rules of Criminal Procedure. Rule 31(c) states:

(c) *Conviction of Less Offense.* The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or of an offense necessarily included therein if the attempt is an offense.

Under both this rule and the common law rule, the lesser offense must not require some additional element not needed to constitute the greater offense and that it is impossible to commit the greater without committing the lesser. *Olais-Castro v. United States, supra; see generally, Annot.* 11 A.L.R.Fed. 165.

The lesser included offense doctrine was originally developed to aid the prosecution when it failed to establish some element of the original charge. *Kelly v. United States, supra;* Note, *The Lesser Included Offense Doctrine in Pennsylvania: Uncertainty in the Courts,* 84 Dick. L. Rev. 125, 126 (1979) (hereinafter *Dickinson Note*). Moreover, this doctrine has developed into an invaluable tool for the defendant and for society as well. For the defendant, the lesser included offense provides an alternative to the more serious charge. Society also benefits because fewer defendants will be released due to an acquittal on the greater offense. *Dickinson Note, supra* at 126.

In Hawaii, the lesser included offense doctrine has been codified in HRS § 701-109(4) which states in relevant part:[2]

A defendant may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when:

(a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

\* \* \* \* \*

---

[2] Subsection (b) has been omitted here because it is not relevant for discussion under the facts in the instant case. Subsection (b) provides that an attempt to commit the offense charged or to commit an offense otherwise included therein is also an included offense.

(c) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest or a different state of mind indicating lesser degree of culpability suffices to establish its commission.

HRS § 701-109(4) has been taken almost verbatim from the Proposed Official Draft of the Model Penal Code, § 1.07(4) (1962).

A few jurisdictions have adopted the Model Penal Code formulation of the lesser included offense doctrine.[3] *See United States v. Fuller*, 407 F.2d 1199 (D.C. Cir. 1968); *Commonwealth v. Garcia*, 474 Pa. 449, 378 A.2d 1199 (1977); *Commonwealth v. Polimeni*, 474 Pa. 430, 378 A.2d 1189 (1977).

The Pennsylvania Supreme Court in *Commonwealth v. Polimeni, supra,* and *Commonwealth v. Garcia, supra,* adopted the Model Penal Code formulation of the lesser included offense doctrine. In both *Polimeni* and *Garcia,* the court held that involuntary manslaughter was a lesser included offense of voluntary manslaughter. Applying Model Penal Code § 1.07(4), the court reasoned that since voluntary and involuntary manslaughter were part of the same statutory classification of criminal homicide, and involuntary manslaughter required a lesser degree of culpability as compared to the other homicide offenses, it concluded that involuntary manslaughter was a lesser offense of voluntary manslaughter. *Commonwealth v. Polimeni, supra; Commonwealth v. Garcia, supra.*

In *Fuller, supra,* the United States Court of Appeals found that the more precise analysis on the issue of lesser included offense was found in the Model Penal Code. The *Fuller* court using the federal rule and the Model Penal Code held that second degree murder was a lesser included offense of first degree felony-murder.

II.

In determining whether an offense is included in another, it is "not as simple as defining the elements of the two offenses separately

---

[3] For a more detailed discussion of the lesser included offense doctrine in other states, *See* Barnett, *The Lesser-Included Offense Doctrine: A Present Day Analysis for Practitioners,* 5 Conn. L. Rev. 255 (1972); *Dickinson Note, supra; Note, Lesser Included Offenses in Kansas,* 15 Washburn L.J. 40 (1976).

and then lying them side by side." *United States v. Whitaker,* 447 F.2d 314, 318 (D.C. Cir. 1971). HRS § 701-109(4) requires analysis of both subsections (a) and (c) to determine whether an offense is included in another.

HRS § 701-109(4)(a) adopted the common law definition of lesser included offenses that an offense is included when it is established by proof of the same or less than all the facts required to establish the offense charged. Commentary on HRS § 701-109. The Comments to the Model Penal Code support the above notion where the drafters state, "a lesser included offense is necessarily included in a charge of the greater if the proof necessary to establish the greater offense will of necessity establish the lesser offense." Model Penal Code, § 1.08(4), Comment at p. 40 (Tentative Draft No. 5, 1956).

Recently, in *State v. Feliciano,* 62 Haw. 637, 618 P.2d 306 (1980), we examined the language of HRS § 701-109(4)(a) and we there held that reckless endangering in the second degree was a lesser included offense of attempted murder under this statute. We found that in applying subsection (a), the following are some of the factors which can be considered in determining whether an offense is included in the charged offense; degree of culpability, end result, and legislative scheme. Because reckless endangering had a less culpable state of mind, was in the same chapter as attempted murder and the end result produced by both crimes in that instance was the same, we concluded that reckless endangering in the second degree was properly found to·be a lesser included offense of attempted murder.

Under HRS § 711-1106, one is guilty of harassment if "with the *intent to harass, annoy or alarm* another person, he strikes, shoves, kicks or otherwise touches a person in an offensive manner or subjects him to offense physical contact." (Emphasis added.) *See State v. Hopkins,* 60 Haw. 540, 592 P.2d 810 (1979). On the other hand, one is guilty of assault in the third degree if he *intentionally, knowingly or recklessly* causes bodily injury to another. HRS § 707-712. (Emphasis added.) Under the facts in the instant case, it is possible to commit the crime of harassment without committing assault in the third degree. *See People v. Moyer,* 27 N.Y.2d 252, 265 N.E.2d 535, 317 N.Y.S.2d 9 (1970); *People v. Higgins,* 86 Ill. App.2d 202, 229 N.E.2d 161 (1967).

In *Moyer,* the New York Court of Appeals held that harassment was not a lesser included offense of assault in the third degree. The applicable statute in that case is very similar to the one in the instant case.[4] The New York court found the intent to harass, annoy or alarm required for harassment different from the intent to cause physical injury required in assault in the third degree and therefore the intent element in harassment was not necessary to establish its counterpart in assault. *Id.* at 253, 265 N.E.2d at 536, 317 N.Y.S.2d at 10.

In *Higgins,* the court held that aggravated battery was not a lesser included offense of involuntary manslaughter. The court reasoned that since involuntary manslaughter required recklessness, a less culpable state of mind as compared to the intent or knowledge standard required for aggravated battery, proof of involuntary manslaughter would not prove the crime of aggravated battery. *Id.* at 207-208, 229 N.E.2d at 164.

The holdings in *Moyer* and *Higgins* require that the lesser included offense cannot have a mental state greater than or different from that which is required for the charged offense.

In the instant case, harassment has a greater mental state than assault in the third degree. Harassment requires a state of mind that has the intent to harass, annoy or alarm, while assault requires a mental state that is intentional, knowing or reckless.[5] It would be possible to commit the crime of assault in the third degree with a state of mind that is less than what would be required for the offense of harassment.

An additional comparison of the intent requirements reveals that different mental states are involved for each offense. In *People v. Moyer, supra,* the court found that the intent to harass, annoy or alarm did not include the intent to injure required for assault in the

---

[4] In Moyer, the assault in the third degree charge stemmed from an incident in which the defendant struck a police officer. The New York assault statute provided a person "with the intent to cause physical injury to another person causes such injury to him." The harassment statute is very similar to Hawaii's where it states that one is guilty of that offense when, "with the intent to harass, annoy or alarm, he strikes, kicks or otherwise subjects another to physical contact." 27 N.Y.2d at 253, 265 N.E.2d at 536, 317 N.Y.S.2d at 10.

[5] The Commentary on HRS § 702-208 states that intent knowledge, recklessness and negligence are in a descending order of culpability.

third degree. Thus, the intent to harass, annoy or alarm required of harassment does not include the intent requirement of assault. We find the rationale in *Moyer* persuasive, despite the fact that the mental state required for assault there differs slightly from our statutory requirement. Therefore, we conclude that different mental states are involved for harassment and assault in the third degree, that proving the intent element of harassment would not prove its counterpart in assault.

Additionally, the structure of the Hawaii Penal Code places the offenses of harassment and assault in the third degree in separate categories. Harassment is placed under the chapter of Offenses Against Public Order, while assault is included in the chapter of Offenses Against Persons. *Cf., State v. Feliciano, supra; Commonwealth v. Polimeni, supra.* This classification indicates that different societal interests were intended to be protected and that harassment would not be a lesser included offense of assault in the third degree.

The Commentary on HRS § 701-109 and *State v. Feliciano, supra,* indicate that the lesser included offense would produce the same end result as the charged offense. However, the instant case reveals that the end results of harassment and assault in the third degree would not be the same. The end result of assault is bodily injury, while harassment has no such result. The evidence clearly showed that the victim Turner suffered mental anxiety as a result of the incident, but not bodily injury as would result from assault. Thus, the end results for the offenses in question were not the same.

We hold that harassment is not a lesser included offense of assault in the third degree under HRS § 701-109(4)(a).

### III.

HRS § 701-109(4)(c) expands the doctrine of lesser included offenses beyond the rule stated in Parts I and II of this opinion. Subsection (c) would additionally include as lesser included offenses crimes that require a lesser degree of culpability or a less serious injury or risk of injury. HRS § 701-109(4)(c); Model Penal Code, § 1.08(4), Comment at p. 41-42 (Tentative Draft No. 5, 1956). The degree of culpability, degree of injury or risk of injury and the end result are some of the factors considered in determining whether an offense is included in another under HRS § 701-109(4)(c).

In *People v. Higgins, supra,* the court held that the lesser included offense cannot have a state of mind greater than which is required for the charged offense. The instant case reveals that harassment does not have a state of mind that is less culpable than assault in the third degree. Since the degree of culpability descends under the statute, we believe that the mental state required for harassment would not be less culpable than assault in the third degree.

Subsection (c) requires, as does subsection (a), that the lesser included offense produce the same end result as the charged offense. Commentary on HRS § 701-109. We reaffirm the conclusion drawn in Part II of this opinion that the end results of harassment and assault in the third degree are not the same.

HRS § 701-109(4)(c) also states that a crime can be a lesser included offense when a less serious injury or risk of injury[6] is involved. In the case at bar, we do not believe that the injury resulting from harassment would be less serious than that received from assault in the third degree. Although harassment requires a physical touching, HRS § 711-1106 is concerned with the offensive nature of the touching to one's sensibilities. The impact of harassment is on one's psyche and mental well-being rather than bodily injury as in assault in the third degree. Since harassment and assault inflict different types of injury, we find that the injury received from harassment is not less serious than injury from assault in the third degree.

We hold that under HRS § 701-109(4)(c), harassment is not a lesser included offense of assault in the third degree.

## IV.

After considering the arguments, statutes and relevant case law, we are of the opinion that harassment is not a lesser included offense of assault in the third degree under HRS § 701-109(4)(a) or (c).

Reversed.

---

[6] Analysis of the risk of injury factor is unnecessary here because the victim suffered actual injury, albeit mental anxiety, from the offensive touching by appellant.

*Carolyn M. Bain (Marie N. Milks* on the opening brief), Deputy Public Defenders, for defendant-appellant.

*Roland L. H. Nip,* Deputy Prosecuting Attorney, for plaintiff-appellee.