STATE OF HAWAII, Plaintiff-Appellee, *v.* ANTHONY SEPULONA TUPUOLA, Defendant-Appellant

NO. 10323

(CRIMINAL NO. 58544)

DECEMBER 16, 1985

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY WAKATSUKI, J.

The Defendant, Anthony Sepulona Tupuola, appeals his conviction of the offense of Assault in the Second Degree in violation of Hawaii Revised Statutes (HRS) § 707-711(1)(c).[1]

Defendant contends that the trial court erred in refusing to give Defendant's requested jury instruction on Assault in the Third Degree by Mutual Consent as a lesser included offense of Assault in the Second Degree. He also contends that since Assault in the Third Degree is a lesser included offense of Assault in the Second Degree, the evidence at trial justified the giving of the lesser included offense jury instruction

---

[1]HRS § 707-711 (1979), in relevant parts, reads:

(1) A person commits the offense of assault in the second degree if:

. . . . .

(c) He intentionally or knowingly causes bodily injury to a correctional worker, as defined in section 710-1031(2), who is engaged in the performance of duty or who is within a correctional facility.

 

pursuant to HRS § 701-109.[2] We affirm.

## I.

The Defendant was lawfully incarcerated at the Oahu Community Correctional Center (OCCC). On November 5, 1982, at OCCC, a fight occurred between Defendant and correctional worker Douglas Ortwein.

While the inmates were having lunch at OCCC, Ortwein announced that store orders for the inmates were not going to be delivered that day. Defendant, apparently upset by this news, began to yell. To prevent Defendant from inciting others and letting the situation get out of control, Defendant was ordered to go to his room. Subsequently, Ortwein went to Defendant's room to talk to him and calm him down. Defendant's roommate was asked to leave. Being unable to calm Defendant down, Ortwein decided to leave, and said "[you] should stop and think about where [you are] and what [you did] to get in there" and "didn't you rape a girl?" While the door was closing the Defendant kicked it open and rushed out and grabbed Ortwein. A scuffle ensued. Several other workers arrived to pull Defendant away from Ortwein. The arresting police officer was Daniel Fatt. At the scene, he observed Ortwein to have an abrasion on his right wrist and some redness about his neck and facial area. Ortwein testified that he missed approximately two weeks of work because of bruises on or about his face, cuts and abrasions on his neck, and a swollen knee.

## II.

"[O]ur primary duty [in interpreting and applying statutes] is to

---

[2]HRS § 701-109 (1972), in relevant parts, reads:

(4) A defendant may be convicted of an offense included in an offense charged in the indictment or the information. An offense is so included when:

(a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged. . . .

(5) The court is not obligated to charge the jury with respect to an included offense unless there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting him of the included offense.

ascertain the intention of the legislature and to implement that intention to the fullest degree." *Keller v. Thompson,* 56 Haw. 183, 189, 532 P.2d 664, 669 (1975). In construing a statute, legislative history may be considered, *Life of the Land, Inc. v. City and County,* 61 Haw. 390, 447, 606 P.2d 866, 899 (1980) (citations omitted), although "the intention of the legislature is to be obtained primarily from the language contained in the statute itself." *In re Hawaiian Telephone Company,* 61 Haw. 572, 577, 608 P.2d 383, 387 (1980) (citations omitted).

The historical development of the doctrine of lesser included offenses is set forth and analyzed in *State v. Kupau,* 63 Haw. 1, 620 P.2d 250 (1980). This doctrine has been codified in HRS § 701-109(4). In *Kupau,* "we found that in applying subsection (a), the following are some of the factors which can be considered in determining whether an offense is included in the charged offense; degree of culpability, end result, and legislative scheme." *Id.* at 5, 620 P.2d at 252-53.

The degree of culpability required to commit an offense under HRS § 707-711(1)(c) is intentionally or knowingly. Under HRS § 707-712,[3] a person can commit the offense with the following culpable states of mind: intentionally, knowingly, recklessly, or negligently causing bodily injury. "Since intent, knowledge, recklessness, and negligence are in a descending order of culpability, this section establishes that 'it is only necessary to articulate the minimal basis of liability for the more serious bases to be implied.'" Commentary on HRS § 702-208 (*citing* Model Penal Code, Tentative Draft No. 4, comments at 129 (1955)). Although both statutes are aimed at preventing or deterring bodily injury, an assault under HRS § 707-711(1)(c) is punishable as a class C felony, whereas an assault under HRS § 707-712 is punishable as a misdemeanor or petty misdemeanor. However, the further analysis of end result and legislative scheme is required. The legislature, by enacting Act 84, Session Laws 1979, amended HRS § 707-711 by adding subsection (c). S.B. No. 1727 explained the purpose of the amendment as follows:

---

[3]HRS § 707-712 (1972) Assault in the third degree.

(1) A person commits the offense of assault in the third degree if he:

(a) Intentionally, knowingly, or recklessly causes bodily injury to another person; or

(b) Negligently causes bodily injury to another person with a dangerous instrument.

(2) Assault in the third degree is a misdemeanor unless committed in a fight or scuffle entered into by mutual consent, in which case it is a petty misdemeanor.

The purpose of this bill is to make assaults against a correctional officer while engaged in duty a class C felony; provided that the violator knows that the person he commits the assault against is a correctional officer.

Your Committee believes that this legislation is necessary to deter the rising number of assaults committed against correctional officers each year.

Your Committee further finds that due to the very nature of a corrections facility, i.e. that it is a secured place of detention, there is a high probability that a correctional worker while not on duty may be assaulted by an inmate within the facility itself.

As a means of deterring such assaults, your Committee has amended S.B. No. 1727, S.D. 1, H.D. 1 to provide that an assault on a correctional worker which occurs within a prison facility shall also be punishable as a class C felony.

Conference Comm. Report No. 14, Senate Journal 1979, p. 944, Conference Comm. Report No. 18, House Journal 1979, p. 1079.

It is clear that the legislature intended to deter the rising number of assaults committed against correctional officers by making an offense committed under subsection (c) an offense of assault in the second degree if a person intentionally or knowingly causes bodily injury to a *correctional worker,* as defined in HRS § 710-1031(2), who is engaged in the performance of duty or who is within a correctional facility (emphasis added). The specific requirement that an offense be committed against a correctional worker precludes the offense under HRS § 707-712 to be a lesser included offense under HRS § 707-711.

Affirmed.

*Richard K. Perkins (Yuen & Perkins* of counsel) for Defendant-Appellant.

*Peter M. Wilkens,* Deputy Prosecuting Attorney, for Plaintiff-Appellee.