**STATE OF HAWAII**, Plaintiff–Appellee, v. **HENRY K. DENTON**, Defendant–Appellant, and **HENRY ROCHA DUARTE III**, Defendant

NO. 13228

(CR. NO. 88–0085)

OCTOBER 26, 1989

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

Defendant–Appellant Henry K. Denton (Denton) appeals from his convictions by a jury of three counts of Kidnapping in

violation of Hawaii Revised Statutes (HRS) § 707–720(1)(c), one count of Assault in the First Degree in violation of HRS § 707–710, one count of Assault in the Second Degree in violation of HRS § 707–711(1)(a), and one count of Assault in the Third Degree in violation of HRS § 707–712(1)(a). Prior to the commencement of the jury trial, Appellant Denton pled guilty to four counts of Robbery in the First Degree in violation of HRS § 709–840(1)(b)(ii).

Denton was sentenced to twenty years imprisonment on the Robbery charges (counts 1–4), twenty years imprisonment on the Kidnapping charges (counts 11, 12, and 20), ten years imprisonment for Assault in the First Degree (count 13), five years imprisonment for Assault in the Second Degree (count 14) and one year imprisonment for Assault in the Third Degree (count 21). The sentences on the Robbery and Kidnapping charges were made to run concurrently but consecutive to the other charges for a total term of thirty years.

The dispositive issue in this appeal is whether the trial court committed plain error by not instructing the jury that it must find that the Kidnapping and Assault charges were not included charges in the Robberies to which Denton had pled guilty. Our answer is that there was no error in that the instructions on separateness were adequate and in that the defense counsel was under an affirmative duty to offer more detailed instructions if he wanted the jury to make a specific finding of separateness. Defense counsel thus contributed to error, if any. Affirmed.

## I.

On the afternoon of January 15, 1988, Appellant and two companions[1] accosted, abducted, robbed and variously sexually assaulted or beat four tourists, two males and two females, who they

---

[1] Co–Defendant Henry Rocha Duarte III who was jointly tried with Appellant Denton and a Juvenile (Juvenile) who was tried as a juvenile offender.

met by chance in Kahana Valley. Initially, Denton and his companions met the four tourists while Denton and friends were riding their bicycles out of the valley as the tourists laden with day packs and cameras hiked in. As the tourists hiked out a short time later, they encountered three of the four bicyclists. Shortly thereafter, Co–Defendant Duarte jumped out of the bushes adjoining the road brandishing a pipe. He ordered them back and up the main road. After initial reluctance to obey, the hikers were forced to comply by the appearance of the other two defendants, Appellant Denton and Juvenile, brandishing sticks or pipes.

The victims were led up the main road and then ordered to turn onto a narrower footpath. After the group walked about 300 feet up this path, Co–Defendant Duarte took one female victim away from the group where he committed several sexual acts against her prior to rummaging through her belongings.

Following Duarte's instructions, Defendant Denton and Defendant Juvenile led the remaining three victims about another 100 feet and ordered them to lay face down.

Juvenile immediately grabbed and led away the other female victim. He attempted to commit sexual acts against her before she scared him off and escaped. Defendant Denton then went through the victim's belongings before striking both men repeatedly across the neck and shoulders with a blunt instrument.

Denton then tied one victim's hands behind his back, picked up some cameras belonging to the victims, and left for a few minutes. Upon his return he noticed that one male had worked his hands free and was assisting the other who appeared injured. Denton kicked the victim who had worked free in the head and torso area. Both men suffered serious injury.

Duarte then returned with the woman he had sexually assaulted and discussed the loot with Denton. Denton tied the men up again when asked by Duarte why they were not tied. Duarte then took the female victim a short distance and again sexually assaulted her. He called Denton to the scene of the assault but both

men fled when the police, who had been called by the female victim who had escaped from Juvenile, arrived.

The jury found Appellant Denton guilty as charged to three counts of Kidnapping, one count of Assault in the First Degree, one count of Assault in the Second Degree, and one count of Assault in the Third Degree. Appellant filed a Motion for Judgments of Acquittal and argued that the jury did not resolve whether the offenses for which Denton was convicted were separate and distinct from the four robbery counts and that the issue remained unresolved. The trial court denied the motion after a full hearing.[2]

## II.

Appellant's primary point is that the kidnappings and assaults of which he was convicted in the jury trial are factually and legally included offenses within the robberies to which he entered guilty

---

[2]The trial court made the following findings of fact and conclusions of law:

### Findings of Fact

. . . .

6. There is a separate and distinct factual basis in the evidence for each of Counts 11, 12, 13, 14, 20, and 21.

7. There is substantial evidence to support the jury's verdicts as to each of Counts 11, 12, 13, 14, 20 and 21.

### Conclusions of Law

1. In the circumstances of this case, where the issue of the adequacy of jury instructions is raised for the first time after the jury's verdicts have been filed, the Defendant is entitled to relief only if there is no evidentiary basis for each of Counts 11, 12, 13, 14, 20 and 21. *State v. Molitoni*, 6 Haw. App. 77 (1985); *State v. Correa*, 5 Haw. App. 644 (1985); *State v. DeCenso*, 5 Haw. App. 127 (1984).

2. The prosecution proved, by prima facie evidence, a separate and distinct basis for each of Counts 11, 12, 13, 14, 20 and 21.

3. There was substantial evidence presented to support the jury's verdicts as to each of Counts 11, 12, 13, 14, 20, and 21.

pleas prior to the jury trial. Appellant's argument is without merit. Both the defense and the State rely on *State v. Correa*, 5 Haw. App. 644, 649, 706 P.2d 1321, 1325 (1985). A full reading of the paragraph cited by Appellant indicates that his reliance is inapt:

> Unquestionably, a kidnapping that is necessarily and incidentally committed during a robbery cannot be the basis of a charge of kidnapping in addition to a charge of robbery. That is so because crimes involving the same facts are included offenses. *See* HRS § 701–109(4)(a). ***Conversely, a kidnapping that was not necessarily and incidentally committed during a robbery may be charged as a separate offense in addition to the robbery charge.*** Here, there is substantial evidence in the record that with respect to Orion and Bonilla, Correa's acts of kidnapping extended beyond the acts of kidnapping that he necessarily and incidentally committed during the robberies. (Emphasis added).

Here the record shows that the crimes of assault and kidnapping clearly occurred after the robberies and in fact occurred over a period sufficiently extended in time to assure that the elements of the robberies and of the kidnapping and assaults do not overlap.

Defendant cites our recent decision in *State, v. Ah Choy*, 70 Haw. 618, 780 P.2d 1097 (1989), to bolster his claim. In *Ah Choy*, we held that where the two offenses, one of which can be a component of the other, were committed concurrently in time, the jury need not render verdicts in both offenses but only in the one carrying the more severe penalty (attempted murder as opposed to robbery). In *Ah Choy*, the defendant approached a cashier to make a small purchase as a ruse, stabbed her in the neck, and immediately reached into the open register and removed money. We held that the attempted murder and the robbery occurred concurrently; we concluded that the legislature never intended that a defendant be convicted of both robbery in the first degree and its component

offense of attempted murder in the absence of evidence that the defendant committed both offenses separately in time.

Appellant's case is closer to *State v. Mendonca*, 68 Haw. 280, 711 P.2d 731 (1985). In *Mendonca*, we held that where there exists evidence supporting a finding that the defendant committed both attempted murder and robbery in the first degree as two separate crimes closely related in time, the jury may find the defendant guilty of both offenses. In the case presently before the court, it is true that the jury did not make a finding that the robberies were separate from the assaults and kidnapping. Indeed, they could not have done so since they were unaware of Denton's guilty plea to the robberies. The trial court was on the horns of a dilemma since if the jury had been informed of the guilty pleas, Appellant would be before this court complaining of undue prejudice. However, such a finding was unnecessary because the record here is replete with evidence that the robberies were completed early in the incident while the actions which led to the assault and kidnapping charges continued for an extended period of time afterwards.

Thus, we hold that under Denton's facts, no specific finding by the jury of separateness was required. Further, even if the lack of such findings were characterized as harmless error, it is our view that by not offering the jury instructions which he now insists were necessary, Denton's attorney contributed to it.

### III.

Appellant raises a number of other issues on appeal, and we find them without merit.

### IV.

Based on the foregoing analysis, the convictions of Appellant Denton are affirmed on all counts.

*Earle A. Partington* for Defendant–Appellant.

*Alexa D. M. Fujise*, Deputy Prosecuting Attorney, for Plaintiff–Appellee.