**STATE OF HAWAII**, Plaintiff–Appellee, v. **ROY G. HORN**, Defendant–Appellant

NO. 13975

(CR. NO. 88–2305)

AUGUST 29, 1990

BURNS, C.J., HEEN, AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

Defendant Roy G. Horn (Horn) appeals the lower court's July 11, 1989 judgment convicting him of attempted manslaughter, Hawaii Revised Statutes (HRS) §§ 707–702, 705–500 (Supp. 1989). We affirm.

## FACTS

During the course of a fight between Horn and Henry Puulei (Puulei) on December 8, 1988, Horn slashed Puulei with a knife in

the throat, nonfatally. The State of Hawaii (State) charged Horn in Count I with attempted murder in the second degree and in Count II with assault in the first degree.

The lower court denied Horn's (1) pretrial motion for an order requiring the State to make an election between the two counts or, alternatively, for the lower court to make the election based on the State's offer of proof; (2) pretrial motion "to allow him to enter a plea of guilty to [Count II]; and to enter a Judgment of Acquittal as to Count I"; and (3) motion to exclude Puulei's testimony for incompetency. It instructed the jury, in relevant part, as follows:

The defendant is charged with more than one offense under separate counts in the indictment. Each offense with the evidence applicable thereto is to be considered separately. The fact that you may find the defendant not guilty or guilty of one of the offenses charged does not mean that you must necessarily reach the same verdict with respect to any other offense charged.

In this case there are 2 counts, each charging a separate crime. You may at any time during your deliberations return a verdict or verdicts with respect to one or more counts to which you can agree even though you may not be able to reach agreement as to all 2 counts.

During its deliberations, the jury asked the lower court the following hypothetical question: "If the jury finds Defendant 'guilty' on Count I, does that mean the jury need not decide on Count II or that Count II is by necessity 'not guilty.'" The lower court answered the jury's question as follows: "You may find the answer to your hypothetical question in the set of instructions provided you."

On Count I, the jury found Horn guilty of the lesser included offense of attempted manslaughter. On Count II, the jury found Horn guilty of the lesser included offense of assault in the second degree.

The lower court denied Horn's after–the–verdict but before–the–sentence motion to dismiss Count I. Instead, the lower court dismissed Count II and sentenced Horn on Count I.

## DISCUSSION

### A.

We summarily reject Horn's points that the lower court reversibly erred when it denied his motions to plead guilty to Count II and to exclude Puulei's testimony. Both motions were addressed to the lower court's discretion. Hawaii Rules of Penal Procedure Rule 11(a) (1988); *State v. Gonsalves*, 5 Haw. App. 659, 706 P.2d 1333 (1985). We conclude that the lower court did not abuse its discretion.

### B.

We will discuss Horn's points that the lower court reversibly erred when it submitted both counts to the jury, allowed the jury to find him guilty of two counts, and after the verdict but before the sentence, dismissed Count II rather than Count I.

The answer to the question of whether a course of criminal conduct involves more than one crime is not always clear. *See State v. Castro*, 69 Haw. 633, 756 P.2d 1033 (1988); *State v. Tupuola*, 68 Haw. 276, 711 P.2d 1289 (1985); *State v. Hoopii*, 68 Haw. 246, 710 P.2d 1193 (1985). All factual issues involved in this decision must be decided by the trier–of–fact. When the court concludes that the offense alleged in one count is included[1] within

---

[1] Hawaii Revised Statutes § 701–109 (1985) provides in relevant part as follows:

> **Method of prosecution when conduct establishes an element of more than one offense.** (1) When the same conduct of a defendant may establish an element of more than one offense, the defendant may be prose-

the offense alleged in another count, the procedure the lower court thereafter must follow is stated in *State v. Reyes*, 5 Haw. App. 651, 706 P.2d 1326 (1985).

In Horn's case, the conclusion of law that the State had proved only one crime and that Count II was merely one of the lesser included offenses of Count I was obvious no later than the conclusion of the evidentiary portion of the trial. Thus, the lower court should have instructed the jury that it could decide Count II "only when one or more jurors are not convinced beyond a reasonable doubt" that Horn is guilty of Count I. *State v. Ferreira*, 8 Haw. App. 1, ____, 791 P.2d 407, 409 (1990) (quoting from *State v. Reyes*, 5 Haw. App. at 658 n.5, 706 P.2d at 1330 n.5).

If such a procedure had been followed in this case, the jury would not have decided Count II. The fact that the jury decided Count II is, however, harmless error with respect to Count I. *See State v. Briones*, 71 Haw. 86, 95 n.2, 784 P.2d 860, 864 n.2 (1989).

---

cuted for each offense of which such conduct is an element. He may not, however, be convicted of more than one offense if:

(a) One offense is included in the other, as defined in subsection (4) of this section; or

\* \* \*

(4) A defendant may be convicted of an offense included in an offense charged in the indictment or the information. An offense is so included when:

(a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(b) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein; or

(c) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a different state of mind indicating lesser degree of culpability suffices to establish its commission.

## CONCLUSION

Accordingly, we affirm the July 11, 1989 judgment convicting Horn of attempted manslaughter.

*Wayne M. Rooney* on the brief for defendant–appellant.
*James H.S. Choi*, Deputy Prosecuting Attorney, on the brief for plaintiff–appellee.

**MARJORIE BIRD KANO**, nka **MARJORIE BIRD COTTIS**, Plaintiff–Appellant, Cross–Appellee, v. **RONALD SHIGERU KANO**, Defendant–Appellee, Cross–Appellant

NO. 14056

(FC–D NO. 87–0171)

SEPTEMBER 4, 1990

BURNS, C.J., HEEN, AND TANAKA, JJ.

AMENDED OPINION OF THE COURT BY BURNS, C.J.

Plaintiff Marjorie Bird Kano, now known as Marjorie Bird Cottis (Wife), appeals the district family court's (1) May 25, 1988 order granting defendant Ronald Shigeru Kano's (Husband) Hawaii Family Court Rules (HFCR) Rule 60(b)(3) motion and

vacating item 4.c. of the October 9, 1987 Divorce Decree; (2) December 23, 1988 order awarding $450.00 attorney fees to Husband; (3) February 16, 1989 order precluding attorney Lawrence McCreery from testifying for Wife about certain events; and (4) August 7, 1989 order awarding Husband $61,185.50 plus $450.00 attorney fees from the net proceeds of the sale of 139 Royal Drive.

Husband cross–appeals the (4) August 7, 1989 order because it did not award him $106,778.25 (one–half of the proceeds from the sale of 139 Royal Drive without deducting $30,000.00 of the mortgage attributable to Wife's loss on the commodities market).

We affirm (1), (2) and (3). We vacate (4) and remand for compliance with *Muraoka v. Muraoka*, 7 Haw. App. ____, 776 P.2d 418 (1989).

## FACTS

Wife was born on July 24, 1914. Husband was born on February 5, 1922. Wife and Husband commenced a business and personal relationship in 1970. They were married on September 20, 1975.

In 1972 Wife executed an agreement of sale to purchase 139 Royal Drive, Wailua Homesteads, Kauai, Hawaii. On August 22, 1979 it was deeded to her. On October 14, 1980 Wife conveyed it to herself, Husband, and her son, David Cottis (Son), as joint tenants. On May 22, 1987 Husband conveyed his one–third interest to Wife and Son as joint tenants.

Wife filed a complaint for divorce on September 23, 1987. Based on Husband's October 1, 1987 Appearance and Waiver, an uncontested hearing was held on October 8, 1987. A Divorce Decree "APPROVED AND AGREED" to by Husband was entered on October 9, 1987. With respect to the division and distribution of property and debts the Divorce Decree states in part:

[4.]b.   [Wife] shall have the 1969 Cadillac automobile as her sole and separate property, and [Husband] shall have the 1982 Dodge pick–up truck.

[4.]c.   Each party shall retain the other property in his or her name or possession at the time of filing this decree of divorce.

[4.]d.   Each party shall remain responsible for the indebtedness in her or his name, if any, according, to the terms of such indebtedness.

On April 12, 1988 Husband moved under HFCR Rule 60(b)(1), (2), and (3) for relief from item 4.c. of the Divorce Decree.  Husband alleged that he executed the May 22, 1987 deed subject to "the understanding that the reason for the transfer was to protect the marital residence from his creditors and that [Wife] and [Son] would hold his 1/2 [sic] interest in the property for him."

Attorney McCreery represented Wife in the divorce case and in opposition to Husband's April 12, 1988 motion.  At the hearing on Husband's April 12, 1988 motion, McCreery was permitted to testify but decided not to.  After the hearing, the district family court on May 25, 1988 entered, in relevant part, the following findings, conclusions, and orders:

### FINDINGS OF FACT
\* \* \*

3.  Throughout their marriage [Wife] controlled the parties' business affairs.

\* \* \*

7.  In April 1987, [Wife] instructed [Husband] that in order to avoid creditors' claims, he should transfer his interest in the parties' jointly owned real property to [Wife] and [Son].  [Husband] complied with [Wife's] instructions.

8.  [Son] had no legal interest in the real property at the time of the transfer.

9. When he executed the deed [Husband] understood that [Wife] was holding an interest in the real property for him.

\* \* \*

## CONCLUSIONS OF LAW

\* \* \*

2. Sufficient grounds exist to satisfy the requirements of Rule 60(b)(1) for a re–opening of these proceedings for a determination of a proper division of the parties' property and debt.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that these divorce proceedings be re–opened for a determination of a proper division of the parties' property and debts.

On February 16, 1989 the district family court granted Husband's motion and limited McCreery's testimony at the scheduled property division and distribution hearing "to the extent that Attorney McCreery shall not testify to matters previously determined as outlined in the Findings of Fact and Conclusions of Law filed herein May 25, 1988."

After a hearing, the district family court on February 27, 1989 (1) denied Wife's January 25, 1989 motion to dismiss Husband's April 12, 1988 motion and (2) amended the May 25, 1988 Conclusion of Law 2 as follows:

Sufficient grounds exist to satisfy the requirements of Rule 60(b)(1) and (3), Hawaii Family Court Rules, for a re–opening of these proceedings for a determination of a proper division of the parties' property and debts.

In its February 27, 1989 Decision, the district family court also supplemented its May 25, 1988 Findings of Fact and Conclusions of Law, as follows:

From the evidence presented at the hearing held on May 12, 1988 the Court found that from early 1987 the

Plaintiff had mislead [sic] the Defendant, with regards to her intentions concerning the parties' ownership of their marital real property and her desire to divorce the Defendant. The Court found that Plaintiff used deception in encouraging Defendant to release his interest in the marital real property in order to deprive the Defendant of his property right in the marital real property at the time of the anticipated divorce.

The Court found that Plaintiff continued to mislead the Defendant as to her intentions with reference to the marital real property through the time that the Divorce Decree was filed on October 9, 1987.

Based upon the misrepresentations of the Plaintiff with reference to the ownership of the marital real property and the Defendant's reliance upon these misrepresentations it was an oversight and omission on the Court's part not to have included Rule 60(b)(3), Hawaii Family Court Rules as grounds for reopening this matter in the Court's Conclusions of Law filed on May 25, 1988.

Further, it was the Court's conclusion that at the time the Divorce Decree was filed on October 9, 1987 that the Plaintiff was holding the Defendant's interest in the marital real property in trust for him. The Court's conclusion was supported by the ambiguous language of the Decree. The Decree did not directly address the parties' real property. In paragraph 4(c) of the Decree it was stated that "each party shall retain the other property in his or her name or possession at the time of the filing [of] this decree of divorce."

After a hearing, the district family court entered its August 7, 1989 Decision [and Order] awarding Husband a portion of the proceeds from the sale of 139 Royal Drive, calculated as follows:

| | |
|---|---|
| Sale Proceeds | $ 285,000.00 |
| Closing Costs and Realtor Fees | − 22,950.00 |
| Mortgage to American Savings | − 78,493.49 |
| | $ 183,556.51 |
| | ÷ 3 |

[Husband's] portion of
real estate sale proceeds $ 61,185.50

The August 7, 1989 order also awarded Husband $450.00 "for attorney's fees incurred in compelling [Wife's] compliance with [Husband's] discovery requests."

In its November 22, 1989 Findings of Fact, Conclusions of Law and Order, the district family court concluded, in relevant part, as follows:

1.   The Royal Drive property owned by [Wife] on Kauai was originally a Category I property. It was transmuted to Category V in 1980 by the transfer to [Husband]. The May 22, 1987 transfer shall be disregarded.

2.   The interest transmuted to [Husband] was a one–third (notwithstanding an earlier finding of one–half) Category V interest hereby valued at $61,185.50.

* * *

4.   The American Savings Bank mortgage balance including the $30,000 lost by [Wife] on the commodities market is an appropriate deduction from the sale proceeds prior to the division among the parties.

## DISCUSSION
### I.

In *Kremkow v. Kremkow*, 7 Haw. App. ____, 758 P.2d 197 (1988), we held that after the family court enters a divorce decree expressly, implicitly, and finally awarding all of the property of the

parties, Hawaii Revised Statutes (HRS) § 580–56(d) (1985)[1] precludes the family court from applying HFCR Rule 60(b)(1) to vacate and change the divorce decree's final award of the property of the parties.

In the instant case, we must decide whether HRS § 580–56(d) has the same effect on HFCR Rule 60(b)(3).[2] We conclude that it does not.

*Kremkow, supra,* held that HRS § 580–56(d) takes away the family court's power under HFCR Rule 60(b)(1) to change the final division and distribution of property in divorce cases in the following three situations:

1. Following the entry of a decree of divorce which does not reserve the final division of the property of the parties. *See DeMello v. DeMello,* 3 Haw. App. 165, 646 P.2d 409 (1982).

2. Following the entry of a decree or order finally dividing the property of the parties to a matrimonial action if the same is reserved in the decree of divorce.

---

[1] Hawaii Revised Statutes § 580–56(d) (1985) states, in relevant part, as follows:

> Following the entry of a decree of divorce, or the entry of a decree or order finally dividing the property of the parties to a matrimonial action if the same is reserved in the decree of divorce, or the elapse of one year after entry of a decree or order reserving the final division of property of the party, a divorced spouse shall not be entitled to . . . any share of the former spouse's personal estate.

[2] Hawaii Family Court Rule 60(b) provides, in relevant part, as follows:

> **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from any or all of the provisions of a final decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party[.]

3. Following the elapse of one year after entry of a decree or order reserving the final division of the property of the parties. *See Boulton v. Boulton*, 69 Haw. 1, 730 P.2d 338 (1986).

7 Haw. App. at ____, 758 P.2d at 199–200.

In *Kremkow*, we concluded that, when balancing the competing interests of the finality of judgments against a party's desire for relief from someone's mistake, inadvertence, surprise, or excusable neglect in obtaining the judgment or decree, HRS § 580–56(d) opts for finality.

Wife contends that *Kremkow* also takes away the family court's power under HFCR Rule 60(b)(3). We disagree. We conclude that, when balancing the competing interests of the finality of judgments and decrees against a nonmoving party's fraud, misrepresentation, or other misconduct in obtaining the judgment or decree, HRS § 580–56(d) opts against finality. *See Magoon v. Magoon*, 70 Haw. 605, 780 P.2d 80 (1989). Our conclusion is consistent with the view that courts have "inherent power" in situations where "a judgment was obtained by fraud." *Universal Oil Prods. Co. v. Root Refining Co.*, 328 U.S. 575, 580, 66 S. Ct. 1176, 1179, 90 L. Ed. 1447, 1452 (1945).

Consequently, absent an express, unambiguous statutory statement to the contrary, we conclude that HRS § 580–56(d) abhors a judgment or decree obtained by the nonmoving party's fraud, misrepresentation, and misconduct more than it favors the finality of that judgment or decree.

## II.

The district family court had no personal jurisdiction over Son and his one–half interest in 139 Royal Drive. Whether "at the time of" was intended to mean pre–conveyance or post–conveyance, the district family court's finding that "[Son] had no legal interest

in the real property at the time of [Husband's May 22, 1987 conveyance]" is both wrong and without effect on Son's one–half interest.  24 Am. Jur. 2d *Divorce and Separation* § 954 (1983).

## III.

The district family court vacated item 4.c. of the October 9, 1987 Divorce Decree based on its determination that the Divorce Decree was obtained by Wife's misrepresentations to Husband. The district family court also determined that Husband's May 22, 1987 conveyance of a one–sixth interest to Wife was held by Wife in trust for Husband because the conveyance was obtained by Wife's misrepresentations to Husband.  The findings necessary for these determinations are not clearly erroneous and the conclusions necessary for these determinations are not wrong.

## IV.

There is no evidence in the record of any after acquisition increase in the net market value (NMV) of 139 Royal Drive. Therefore, all of the $183,556.51 NMV of 139 Royal Drive was originally Wife's category[3] 1 NMV.  Thereafter, Wife conveyed one–third to Son and one–third to Husband (his category 3). Thereafter, Husband conveyed one–sixth to Son and one–sixth to Wife (her category 3).

The district family court concluded that Wife was holding Husband's "interest in the marital real property in trust for him." The "interest" referred to is the one–sixth interest Husband

---

*John S. Carroll* and *Jeffry R. Buchli* (Carroll and Smith, of counsel) on the briefs for plaintiff–appellant, cross–appellee.

*Kurt R. Bosshard* and *Harold Bronstein* on the briefs for defendant–appellee, cross–appellant.