956 F.2d 1166
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Henry K. DENTON, Petitioner-Appellant,
v.
Peter MACDONALD, Administrator, Kulani Correctional
Facility; Warren Price, III, Attorney General of
the State of Hawaii, Respondents-Appellees.
 No. 91-15407.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 10, 1992.*
Decided March 4, 1992.
 
 Before CHAMBERS, FARRIS and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I.
 
 2
 Appellant and two companions were charged with robbing, kidnapping, and assaulting four tourists who were hiking in the Kahana Valley on the island of Oahu. On April 18, 1988, appellant filed a motion to strike the kidnapping and assaulting counts of the indictment based on the Double Jeopardy Clause of the federal constitution, and on Haw.Rev.Stat. § 701-109(1)(a), (d), and (e), and § 701-109(4)(a), arguing that the charges all related to the same factual bases. This motion was denied.
 
 
 3
 On May 11, 1988, appellant pleaded guilty to the four counts of robbery, stating in his guilty plea form that the assaults detailed in Counts 13, 14, 15, 16, and 21 of the indictment, and the kidnappings detailed in Counts 11, 12, 20 of the idictment, were performed in furtherance of the robberies. Appellant also stated that he knew the State intended to try him on the remaining counts.
 
 
 4
 Appellant stood trial for kidnapping and assault from June 3 to June 9, 1988. Appellant offered no evidence at trial, nor did he contest the State's evidence. His attorney made no opening or closing arguments. He neither offered any jury instructions, nor objected to those offered by the State. The jury returned guilty verdicts on all counts.[1] Appellant moved for judgments of acquittal on the kidnapping and assault counts on the ground that there were no jury findings that those counts were factually separate and distinct from the robbery counts to which he had pleaded guilty, thus violating appellant's Sixth Amendment rights. The trial court denied the motion, making written findings of fact and conclusions of law. The court concluded that each of the kidnapping and assault counts had separate and distinct factual bases, but did not address whether they had separate bases from the robbery counts. Denton appealed to the Supreme Court of Hawaii, which held on October 26, 1989, that "the record shows that the crimes of assault and kidnapping clearly occurred after the robberies." State v. Denton, 781 P.2d 662, 664 (Haw.1989).
 
 
 5
 Appellant filed a petition for writ of habeas corpus on November 30, 1989. He alleged a violation of his right to trial by jury in that the Hawaii courts, rather than the jury, made the finding of separateness. He also alleged a denial of his right to due process of law, arguing that the state trial court had shifted the burden of proof to the defense, requiring it to show that the assault and kidnapping counts were included in the robbery counts, rather than requiring the State to show that they were separate. The district court dismissed the petition, holding that the Sixth Amendment claim was without merit. The court also found that appellant waived his right to object to the verdict since he "did not challenge the fact that the jury was not instructed that it must find a separate factual basis for each crime." The court rejected appellant's Due Process claim, finding that since it was Denton's theory that the crimes were included offenses, it was his duty to request jury instructions which would advance that theory. Since he did not, the court found that he had also waived this claim. Denton now appeals the denial of his petition. We affirm.
 
 II.
 
 6
 The trial court held that "where the issue of the adequacy of jury instructions is raised for the first time after the jury's verdicts have been filed, the Defendant is entitled to relief only if there is no evidentiary basis for each of the counts...." The Supreme Court of Hawaii held "that the defense counsel was under an affirmative duty to offer more detailed instructions if he wanted the jury to make a specific finding of separateness." 781 P.2d at 663. Denton argues that these holdings were wrong as a matter of law, and that they denied him of due process of law by shifting the burden from the prosecution to the defendant to prove that the offenses charged were not separate.
 
 
 7
 In support of his argument, appellant concludes without citing any authority that there is "no doubt that the burden of proof is always upon the State and always remains upon the state to prove separateness where the defense has put separateness at issue." This conclusion is incorrect, whether appellant bases his argument on the Double Jeopardy Clause of the Fifth Amendment, or on the Hawaii Statute governing separateness. See Haw.Rev.Stat. §§ 701-109, 701-111.
 
 
 8
 It is well established that the burden of proving former jeopardy is on the defendant. We have long held that "the question raised by a plea of double jeopardy is simply whether the two prosecutions relate to the same conduct ..., and the burden rests upon the accused to establish that they do." Sanchez v. United States, 341 F.2d 225 (9th Cir.), cert. denied, 382 U.S. 856 (1965). In this Circuit, the burden is always on the defendant to make "a non-frivolous showing of former jeopardy," after which the burden shifts to the government "to go forward with the evidence, [which] may in practical effect amount to a burden to persuade the court." United States v. Bendis, 681 F.2d 561, 564 (9th Cir.1981), cert. denied, 459 U.S. 973 (1982). Nevertheless, "the burden of persuasion generally does not shift and would appear to rest always with the defendant on a double jeopardy claim." Id. If the government carries its burden of persuading the court in a pretrial motion, it is the defendant's duty to renew the motion should the development of the evidence at trial show that "there was, in fact, prior jeopardy." United States v. Stricklin, 591 F.2d 1112, 1119 (5th Cir.), cert. denied, 444 U.S. 963 (1979). See also State v. Miyazaki, 645 P.2d 1340, 1344 (Haw.1982) (failure to raise double jeopardy claim at trial reviewed for plain error).
 
 
 9
 Under the relevant Hawaii statutes, the burden is the same. Haw.Rev.Stat. § 701-114 requires the state to prove beyond a reasonable doubt the elements of the offense, the state of mind required to establish the elements of the offense, jurisdiction, venue, and timeliness.[2] Separateness is not an element of the offense. See Haw.Rev.Stat. § 702-205. § 701-116 thus governs the burden and standard of proving the applicability of Hawaii Penal Code sections §§ 701-109 and 701-111, which together bar prosecutions when a defendant has previously pleaded guilty to a separate offense. § 701-116 states:
 
 
 10
 When the application of the Code depends on the finding of a fact which is not required to be found beyond a reasonable doubt:
 
 
 11
 (1) The burden of proving the fact is on the prosecution or defendant, depending on whose interest or contention will be furthered if the finding should be made....
 
 
 12
 Thus under Hawaii law, the burden was properly upon the defendant to prove that under the Hawaii Penal Code the kidnapping and assault charges were included offenses in the robberies.
 
 
 13
 Whether placing this burden on the appellant is a violation of due process is a question governed by the Supreme Court's decision in Patterson v. New York, 432 U.S. 197 (1977). There the Supreme Court observed that "the Due Process Clause requires the prosecution to prove beyond a reasonable doubt all of the elements included in the definition of the offense of which the defendant is charged." Id. at 210. The State met this requirement in the present case. Consequently, there was no denial of due process.
 
 III.
 
 14
 Denton also contends that he was denied of his Sixth Amendment right to trial by jury when the trial court, rather than the jury, found that the robberies he committed were separate and distinct from the kidnappings and assaults.
 
 
 15
 In light of the foregoing analysis of appellant's due process claim, it is clear that the district court properly found that Denton waived this claim by failing to assert it at trial. With the burden of proving the lack of separateness on Denton, the failure to present evidence and request a specific finding of separateness under the relevant Hawaii statutes precludes review of the claims Denton now makes.[3]
 
 
 16
 Even if the claim had not been waived, hwoever, appellant provides no authority for the proposition that a finding of separateness lies exclusively within the province of the jury. Separateness need not be found by a jury to be established beyond a reasonable doubt, since it is not an element of the offense. The cases appellant relies on merely stand for the proposition that in some instances the question whether a single course of criminal conduct encompasses more than one crime will involve a factual determination properly reserved for the jury. See State v. Horn, 796 P.2d 503, 504 (Haw.App.1990), Herron v. State, 805 P.2d 624, 629 (N.M.1991). See also United States v. Lopez, 885 F.2d 1428, 1436 (9th Cir.1989), cert. denied, 493 U.S. 1032 (1990) ("Whether one offense is 'necessarily included' in another, and therefore appropriately the subject of a lesser included offense instruction, is a mixed question of law and fact"). At the same time, however, under Hawaii law the issue need not be submitted to the jury absent a legal determination that the facts as alleged could prove only one crime. Horn, 796 P.2d at 504; Denton, 781 P.2d at 664 (no need for jury finding of separateness where record is replete with evidence that the crimes were separate); cf. Haw.Rev.Stat. 701-109(5) ("The court is not obligated to charge the jury with respect to an included offense unless there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting him of the included offense").
 
 
 17
 The Sixth Amendment requires that a "defendant charged with a serious crime has the right to have a jury determine his guilt or innocence," and "[f]indings made by a judge cannot cure deficiencies in the jury's finding as to the guilt or innocence of a defendant resulting from the court's failure to instruct it to find an element of the crime." Cabana v. Bullock, 474 U.S. 376, 384-385 (1986). By the same token, there is no constitutional right to have a jury make factual findings which do not implicate the defendant's guilt or innocence. Id. at 392. In United States v. Persico, 832 F.2d 705 (2nd Cir.1987), cert. denied, 486 U.S. 1022 (1988), for example, the Second Circuit found that there was no error in a trial court judge, rather than the jury, finding after trial that the prohibition against former jeopardy had not been violated. That court observed that "double jeopardy claims [do] not implicate the issue of [a defendant's] guilt or innocence, which a jury must decide, but rather the right of the government to bring the action itself." Id. at 712 (quoting United States v. MacDougall, 790 F.2d 1135, 1142 (4th Cir.1986)). Indeed, the court observed that the Double Jeopardy Clause was designed to prevent the claim from going to a jury. Thus, "[r]ather than requiring the district court to charge the jury so as to encompass this type of double jeopardy claim, we think it appropriate for the district court to rule on the claim before, during or after trial." Id. See also 1 C. Wright, Federal Practice and Procedure § 194 (1982) ("There is very little case law, but what there is distinguishes between the issue of guilt or innocence, for which a jury is required, and issues affecting the government's right to prosecute, for which no jury is needed").
 
 
 18
 The same analysis applies to Denton's claims made under Haw.Rev.Stat. § 701-109. This provision does not negate the defendant's guilt, but rather bars the government from prosecuting the defendant for certain included offenses. There is no constitutional right to having a finding of separateness made by a jury, and consequently there was no error in failing to have the jury make that finding.
 
 IV.
 
 19
 The denial of appellant's petition for writ of habeas corpus is AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The trial court granted judgements of Acquittal on Counts 15 & 16 of the indictment (Assault in the Second Degree) at the close of the evidence. With regard to Count 14, Assault in the First Degree, the jury found appellant guilty of Assault in the Second Degree
 
 
 [2]
 Appellant does not argue that the State failed to establish these
 
 
 [3]
 See Henderson v. Kibbe, 431 U.S. 145, 154 (1977) ("Orderly procedure requires that the respective adversaries' views as to how the jury should be instructed be presented to the trial judge in time to enable him to deliver an accurate charge and to minimize the risk of committing reversible error. It is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court")