Chief Judge Fuld.
Charged with assault in the third degree (Penal Law, § 120.00) —in that he struck a police officer with intent to cause him injury — the defendant was convicted of harassment (Penal Law, § 240.25), following the trial judge’s instruction to the jurors that they might bring in a verdict adjudging him guilty of ‘ ‘ the lesser offense of harassment ’ ’. Upon appeal, the Appellate Term reversed the conviction and dismissed the information on the ground that harassment may not be deemed a lesser included offense of the crime of assault.[1] We agree with that determination.
We start with the provisions of the Penal Law defining those crimes. Section 120.00 recites that a person is guilty of assault in the third degree when, “ [w]ith intent to cause physical injury to another person, he causes such injury to [him] ”. On the other hand, section 240.25, which defines harassment, requires proof of an “ intent to harass, annoy or alarm ” on the part of the defendant: A person is guilty of that offense, the statute reads, “ when, with intent to harass, annoy or alarm ” he “strikes, shoves, kicks or otherwise subjects [another] to physical contact ’ ’. It may well be that the violation of harassment was introduced into the new Penal Law to cover conduct less serious than the revised and redefined offense of criminal assault, for instance, to cover such “ petty batteries ” as a “ harmless shove or kick ” (Denzer and McQuillan, Prac. Comm., McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, § 240.25, p. 159). But this does not mean that the one offense (harassment) is included in the other.
The violation of harassment requires proof of an element — an intent to harass, annoy or alarm—which is not required to establish the crime of assault. Certainly, the intent to injure which is an element of assault does not include an intent to harass, annoy or alarm. This being so, it necessarily follows *254 that harassment may not be considered a lesser included offense. (Cf., e.g., People v. Mussenden, 308 N. Y. 558.)[2] In other words, since an additional element or fact must be shown to be present in a case of harassment, that violation may not be said to be included in the crime of assault.
This conclusion is confirmed by the provisions contained in the new Criminal Procedure Law which—effective September 1, 1971 — is “designed [along with the revised Penal Law] as an integrated framework for the effective administration of criminal justice ’’ in this State (Governor’s Memorandum on approving L. 1970, chs. 996, 997; McKinney’s Cons. Laws, vol. 11-A, p. vii). Section 220.20 of the new statute, which deals with the taking of a guilty plea, lists a number of rules (subd. 1, pars. [a]-[h]) under which an offense of “lesser grade ” than the one charged in the indictment (or information) may be deemed a “ lesser included offense for plea purposes ” only. More specifically, the section provides that, “ [w]here the crime charged is assault * * * the offense of harassment [Penal Law, § 240.25] is deemed to constitute a lesser included offense ” (subd. 1, par. [f]) “ only for the purposes of conviction upon a plea of guilty and not for purposes of conviction by verdict ” (subd. 2). Had the Legislature deemed that harassment could be a lesser included offense of assault for both purposes — that is, for conviction upon a plea and by verdict — it would have been unnecessary to include that “ assault-harassment ” category among those deemed lesser included offenses for plea purposes only. In other words, by ascribing such special meaning to the term solely to permit the entry of a guilty plea, the Legislature clearly recognized, indeed declared, that harassment was not a “ lesser included offense ” of the crime of assault within the sense of the defining statute (CPL, § 1.20, subd. 37).
It is quite true, as the dissent points out, that subdivision 2 of section 220.20 sanctions a “ conviction by verdict ” whenever a crime constitutes a lesser included offense as defined in the *255 Criminal Procedure Law (§ 1.20, subd. 37). However, as we have already indicated, the Legislature, by specifically stamping harassment as a lesser included offense of assault “ only for purposes of conviction upon a plea of guilty ”, has, as it were, made a legislative finding or determination that it is not such an included crime under the statutory definition (CPL, § 1.20, subd. 37), and this but reflects and perpetuates the present decisional law. (See, e.g., People v. Mussenden, 308 N. Y. 558, supra.)
In short, the trial court erred in charging the jury that it could find the defendant guilty of harassment. It follows, therefore, that the Appellate Term properly concluded that the resulting conviction could not stand.
The order appealed from should be affirmed.

. The court also held that “ defendant’s guilt was not established by evidence beyond a reasonable doubt.”

. The misdemeanor of disorderly conduct — in violation of section 720 of the old Penal Law-—-has been held to be “included” in the crime of assault (see People v. Wein, 196 App. Div. 368) but comparison of the statutes there involved reveals that the elements underlying disorderly conduct and assault were quite similar.