THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MARK FLORES, Appellant.

Fourth Department, October 26, 1973.

*Nathaniel A. Barrell (Henrietta M. Wolfgang* of counsel), for appellant.

*Michael F. Dillon (William E. Balthasar* of counsel), for respondent.

SIMONS, J. The dispositive issue in this appeal is whether assault second degree is a lesser included offense with respect to attempted robbery second degree.

The appellant was tried by a jury under a two-count indictment which charged him with attempting to forcibly steal property from Richard Obringer while aided by another (Penal Law, § 160.10, subd. 1), and with attempting to forcibly steal property from Richard Obringer and in the course of that attempted robbery inflicting physical injury on Obringer (Penal Law, § 160.10, subd. 2, par. [a]). While not stated in the indictment, the injuries to Obringer were allegedly caused by the appellant's striking him with a leather belt. The trial court charged the jury that they could find the appellant guilty under either

count of the indictment or in the alternative, that they could find him guilty of assault in the second degree and it charged the language of subdivision 2 of section 120.05 of the Penal Law, an assault committed with the intent to inflict physical injury to another by means of a dangerous instrument. The appellant's attorney excepted to this charge, contending that assault with a dangerous instrument was not a lesser included offense with respect to attempted robbery second degree. Both assault second degree and attempted robbery second degree are Class D felonies.

If assault second degree is a lesser included offense with respect to attempted robbery second degree, then the trial court properly submitted the case to the jury over appellant's objection (CPL 300.50).

A lesser included offense is defined in subdivision 37 of CPL 1.20: "When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, *another offense of lesser grade or degree,* the latter is, with respect to the former, a ' lesser included offense '." (Emphasis added.)

This statute is new and must be strictly construed. It is a more restrictive concept than that of the common law or set forth in the language of the former code provisions. Former law permitted a charge down to any degree of the crime inferior to that charged in the indictment or necessarily included in it (see Code Crim. Pro., §§ 444, 445; *People* v. *Mussenden,* 308 N. Y. 558). The new statute requires the coexistence of two factors before an unspecified crime may be a lesser included offense with respect to a crime charged in the indictment: (1) the included crime must be one that is necessarily committed during the commission of the crime charged, or in the language of the statute " it is impossible to commit a particular crime without concomitantly committing, by the same conduct another offense " and (2) the offense which it is contended is included must be of " lesser grade or degree."

Assault second degree under subdivision 2, as the court charged, is the intentional infliction of physical injury by means of a deadly weapon or dangerous instrument. Attempted robbery second degree under section 160.10 (subd. 2, par. [a]) of the Penal Law is a robbery in which physical injury occurs. Manifestly, there may be physical injury to a nonparticipant without the use of a dangerous instrument. An attacker's hands may occasion physical injury to a victim in the definitional sense of impairment of physical condition or substantial pain (Penal Law, § 10.00, subd. 9). To paraphrase the language of the stat-

ute, it is not "impossible" to attempt robbery second degree without use of a dangerous instrument.

The People contend that if the allegations of the indictment relating to the crime charged and not relating to the crime found can be stricken and the remaining allegations state the crime found, then the judgment of conviction is good. We have so held (*People* v. *Zielinski*, 247 App. Div. 573). But as Justice WITMER said in *People* v. *Wall* (34 A D 2d 215, 218, affd. 29 N Y 2d 863), "the conviction of the lesser degree must, however, be consistent with the crime charged to the extent that elements not charged cannot be relied upon" (see, also, *People* v. *Moyer*, 27 N Y 2d 252). If the allegations of larceny are stricken from the two counts of this indictment, the indictment is not sufficient because it charges only intentional physical injury to the victim without mention of a dangerous instrument, acts which constitute assault third degree.

The other component of a lesser included offense is that it must be of a "lesser grade or degree" of the crime charged. The People contend in effect that a lesser degree or grade is one that is equal to or not greater than the crime charged and that fact is determined by the elements involved. A crime of lesser degree is a lower level of the same general crime classified by statute in degrees of seriousness depending upon the presence of additional elements (*Dedieu* v. *People*, 22 N. Y. 178, 182–183). While the constituents of the common-law crime of robbery include those of assault, obviously assault second degree, as defined by statute, is not a lesser degree of robbery second degree, i.e., robbery third degree. Criminal acts are also classified by grade as to felonies, misdemeanors or offenses (*People ex rel. Stetzer* v. *Rawson*, 61 Barb. 619, 631). An offense is lesser in grade because it is subject to a different and lesser penalty. The severity of the act is not measured by the number of its definitional components. The only objective standard for measurement of a lesser grade is the traditional standard of the penalty imposed for the different classes of felonies, misdemeanors and offenses (*People ex rel. Stetzer* v. *Rawson, supra*, p. 631). The offense must be of a lower level than the crime charged, as measured by the penalty which may be imposed, to be a lesser included offense within the statute.

Assault second degree is not a lesser included offense with respect to attempted robbery second degree. Since the jury has found the defendant not guilty of attempted robbery second degree under the counts in the indictment, he may not be retried

on that charge or on the charge of assault second degree (CPL 470.55, subd. 1).

The judgment should be reversed on the law and the indictment dismissed.

GOLDMAN, P. J., DEL VECCHIO, WITMER and MOULE, JJ., concur.

Judgment unanimously reversed on the law and indictment dismissed.