■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL BAGLIERI, also known as CARL BEGLIERI, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 26, 1974, convicting him of assault in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and the facts, and indictment dismissed. Defendant was charged in a 10-count indictment with two counts of each of the following crimes: robbery in the first degree; robbery in the second degree; grand larceny in the third degree; assault in the second degree; and burglary in the first degree. Prior to the charge to the jury, the trial court, *inter alia,* dismissed count eight of the indictment, which charged defendant with assault in the second degree, under subdivision 2 of section 120.05 of the Penal Law, in that "With intent to cause serious physical injury to another person," he caused such injury to the complainant by means of a dangerous instrument. The seventh count of the indictment charged defendant with assault in the second degree under subdivision 6 of section 120.05 of the Penal Law which states, in pertinent part: "A person is guilty of assault in the second degree when: * * * 6. In the course of and in furtherance of the commission or attempted commission of a felony * * * or of immediate flight therefrom, he, or another participant if there be any, causes physical injury to a person other than one of the participants." Upon charging count seven to the jury, the trial court, on its own initiative and over exception of defense counsel, charged assault in the third degree under subdivision 1 of section 120.00 of the Penal Law, i.e., "With intent to cause serious physical injury to another person, he causes such injury to such person". Defendant was found guilty of assault in the third degree and was acquitted of the remaining counts. On appeal defendant argues, as he did at the trial, that assault in the third degree as charged to the jury was not a lesser included offense of assault in the second degree under the seventh count. We agree. CPL 300.50 (subd 1) provides: "1. In submitting a count of an indictment to the jury, the court in its

discretion may, in addition to submitting the greatest offense which it is required to submit, submit in the alternative any lesser included offense if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater. If there is no reasonable view of the evidence which would support such a finding, the court may not submit such lesser offense." CPL 1.20 (subd 37) defines a lesser included offense as follows: "When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a 'lesser included offense.'" It has been held that in using the word "impossible" in CPL 1.20 (subd 37) "the Legislature did not mean impossible under any circumstances, but impossible under *the particular facts of the case on trial" (People v Cionek,* 43 AD2d 256, 257 [emphasis in original], affd 35 NY2d 924). "If, upon the proof received at the trial, the defendant could not have committed the greater offense without concomitantly by the same conduct committing a lesser offense, both the People and the defendant are entitled to have the jury instructed on the lesser crime" *(People v Hayes,* 43 AD2d 99, 101, affd 35 NY2d 907). "The rule is one of reason obtained from the study of the evidence—does the lesser offense require proof of an element which is not required to establish the greater offense?" *(People v Cionek,* 43 AD2d 256, 257-258, *supra.)* When, as in the case at bar, the answer is "yes", the charge is improper (see *People v Moyer,* 27 NY2d 252; *People v Flores,* 42 AD2d 431). In the instant case the charge of assault in the third degree required proof of an intent to cause physical injury, while the greater offense charged, assault in the second degree, under subdivision 6 of section 120.05 of the Penal Law (felony assault), did not require proof of any intent to cause physical injury. Indeed, viewing the People's proof in its most favorable light, it appears that defendant was present at the time of the assault and participated therein, but "much less than anybody else." Clearly, the facts in this case, as adduced by the People, did not establish that defendant, by participating in the robbery, larceny and burglary, necessarily harbored an intent to physically injure the complainant. Accordingly, the trial court erred in charging the jury that it could find defendant guilty of assault in the third degree. Therefore, defendant's conviction must be reversed and the indictment dismissed (see *People v Moyer, supra; People v Flores, supra).* Rabin, Acting P. J., Margett and Christ, JJ., concur; Hopkins, J., dissents and votes to affirm the judgment, with the following memorandum, in which Latham, J., concurs: Assault in the third degree is necessarily included within assault in the second degree, as defined by subdivision 6 of section 120.05 of the Penal Law. The facts in this case indicate that the assault by defendant was willfully committed "in furtherance" of a felony. "Furtherance" is an elastic term and, in the context of the statute, connotes an intent to commit a specified act (cf. *Reed v Pennsylvania R.R. Co.,* 351 US 502).