Memorandum. The order of the Appellate Term should be affirmed.
The information which defendant challenges charged him both with assault and with harassment, although it specified no subsection of the statute governing the latter offense (Penal Law, § 240.25). CPL 100.15 in no way alters our holding in People v Todaro (26 NY2d 325) that, when a general reference to the charge of harassment is accompanied by factual detail *870 sufficient to describe the elements of a violation of any subsection of that statute, a defendant has received all the notice that due process requires (see In re Oliver, 333 US 257).
Here the supporting factual allegations in the information provided such notice, since they referred to a specific and well-defined incident, in the course of which defendant allegedly struck the complaining witness with a length of pipe (see Penal Law, § 240.25, subd 1). Moreover, while harassment had been held not to be a lesser included offense to assault (People v Moyer, 27 NY2d 252; but see People v Stanñeld, 36 NY2d 467, 473; People v Cionek, 35 NY2d 924; People v Hayes, 35 NY2d 907, affg 43 AD2d 99), there is such an "intimate relation” between the two offenses that the same factual allegations could, under circumstances like those presented here, form the basis of an information as to either one (People v Grimes, 35 NY2d 908, 910).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed in a memorandum.