■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WOLF, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered December 3, 1976, convicting him of offering a false instrument for filing in the first degree (three counts) and grand larceny in the second degree (three counts), after a nonjury trial, and imposing sentence. Judgment affirmed and case remitted to the Supreme Court, Westchester County, for further proceedings pursuant to CPL 460.50 (subd 5). In our opinion, Health Form HE-2P, certified and submitted by defendant to the State Department of Health, and containing false information and false statements so that his nursing home facility might be reimbursed for nursing services not rendered its patients, constitutes a written instrument within the meaning of section 175.35 of the Penal Law (see *People v Christiano,* 87 Misc 2d 962; cf. *People v Bel Air Equip. Corp.,* 39 NY2d 48). We are also of the opinion that the filing of false instrument counts do not constitute lesser included offenses of the grand larceny counts. In order to convict on the false instrument charges, the court, as trier of the facts, had to find that defendant filed Health Form HE-2P "with the knowledge or belief that *it will be filed with,* registered or or recorded in *or otherwise become a part of the records of such public office"* (Penal Law, § 175.35 [emphasis supplied]). Simply put, an element for conviction under the filing of false instrument counts is that the person charged with submitting the questioned instruments knew or believed they would become a permanent record of the public office to which it was submitted. No such element is required by the statutory definition of grand larceny in the second degree, nor was it contained in any of the grand larceny counts of the indictment (see *People v Gross,* 51 AD2d 191, 199, app for lv to app den [Jones, J.] 39 NY2d 750; *People v Moyer,* 27 NY2d 252, 253-254). It is conceivable that a jury could have found that defendant submitted the tainted instruments for the purpose of defrauding the State out of vast sums of money, neither knowing nor believing that they would become permanent records of the health department. Furthermore, another component of a lesser included offense is that it must be of a "lesser grade or degree" of the crime charged (CPL 1.20, subd 37). A crime of lesser degree is a lower level of the same general *crime* classified by statute in degrees of seriousness, depending upon the presence of additional elements (cf. *People v Flores,* 42

AD2d 431, 434). It is manifest that filing a false statement within the purview of section 175.35 of the Penal Law is not a lower level of the same general crime as larceny (cf. *People v Flores, supra*). We have considered the other points raised by defendant and find them to be without merit. Cohalan, J. P., Damiani, Rabin and Titone, JJ., concur.