■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADOLFO DIAZ, Appellant.—Judgment unanimously modified on the law, and, as modified, affirmed, in accordance with the following memorandum: Defendant has been convicted of robbery, first degree, and assault, first degree, as the result of an incident in a Rochester bakery during which he struck a cashier, Marion Lucen, on the side of the head with a rock and scooped up some money which she was attempting to place in the bakery safe. While defendant argues otherwise, the evidence is more than sufficient to support the jury's findings of guilt on both counts. The remaining issue is defendant's contention that the trial court erred in submitting the two counts to the jury with instructions that its verdict as to both must be the same, either guilty or not guilty. In separate counts the indictment charged defendant with (1) forcibly stealing property from Marion Lucen and in the course thereof causing serious physical injury to her (Penal Law, § 160.15, subd 1) and (2) causing serious physical injury to Marion Lucen in the course of committing the crime of robbery first degree (Penal Law, § 120.10, subd 4, "felony assault"). Without exception or request for further instructions by counsel, the court charged the jury that the elements of the crimes

were identical and that the verdict must be the same as to the two counts; defendant was either guilty or not guilty of both robbery, first degree, and assault, first degree. The Criminal Procedure Law provides that if an indictment contains inclusory concurrent counts, the court "must submit [to the jury] the greatest or inclusive count and may * * * also submit, *but in the alternative* only, one or more of the lesser included counts. A verdict of guilty upon the greatest count submitted is deemed a dismissal of every lesser count" (CPL 300.40, subd 3, par [b]; emphasis added). Concurrent counts are two or more counts in an indictment upon which concurrent sentences only may be imposed (CPL 300.30, subd 3), i.e., sentences imposed for two or more offenses committed through a single act or through an act which in itself constituted one of the offenses and also was a material element of the other (Penal Law, § 70.25, subd 2). "Concurrent counts are 'inclusory' when the offense charged in one is greater than any of those charged in the others and when the latter are all lesser offenses included within the greater" (CPL 300.30, subd 4). Applying these statutes, we determine that the felony assault count and robbery, first degree, counts are inclusory concurrent counts and the assault is a lesser offense of the crime of robbery, first degree, because it was impossible for defendant to commit the crime of robbery, first degree, without concomitantly committing, by the same conduct, this felony assault (CPL 1.20, subd 37). Defendant could not cause serious physical injury to Marion Lucen during the course of a robbery without also committing assault, first degree, which contained as necessary elements serious physical injuries inflicted during the commission of the robbery. The felony assault is a lesser offense than the robbery, first degree, because it is subject to a lesser penalty (see *People v Flores,* 42 AD2d 431, 434; cf. *People v Weathersby,* 44 NY2d 686). That being so, the court should have submitted only the robbery count to the jury, or, if it submitted the assault count also, it should have been submitted in the alternative. Regardless of its error in this respect, however, and notwithstanding the fact that no exception was taken to the charge, the statute provides that the conviction of the greater robbery charge results in dismissal of the lesser assault charge (see *People v Johnson,* 39 NY2d 364, 370; *People v Grier,* 37 NY2d 847; *People v Pyles,* 44 AD2d 784), and the judgment should be modified by reversing the conviction of assault, first degree, and dismissing the second count of the indictment. We distinguish this case from *People v Perez* (45 NY2d 204, 210) because the court there considered the "separately cognizable and statutorily proscribed wrongs" of robbery and unlawful possession of a weapon. The two crimes we consider here, while bearing different labels, are not separate but rather identical wrongs. (Appeal from judgment of Monroe County Court—robbery, first degree, etc.) Present—Marsh, P. J., Cardamone, Simons, Dillon and Schnepp, JJ.