OPINION OF THE COURT
Marvin E. Segal, J.
The defendant was charged with criminal possession of stolen property in the third degree under Penal Law § 165.40. Thirteen months after the defendant’s arraignment, and before commencement of the trial, the District Attorney elected to proceed against the defendant as a second crime offender by filing a statement setting forth the date and place of each alleged predicate crime conviction pursuant to CPL 400.14. The defendant moved to suppress the introduction of the statement upon the grounds that CPL 400.14 (5) requires the statement to be filed within 30 days of the arraignment of the defendant. The People contend that the statement may be filed at any time before commencement of trial or entry of a plea of guilty, citing CPL 400.14 (4).
It is the defendant’s contention that the Legislature intended CPL 400.14 (5) to require the District Attorney to file the statement within 30 days of the arraignment of the defendant. (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, 1986 Pocket Part, CPL 400.14, p 37.) CPL 400.14 (5) requires that: "At any time before either entry of a plea of guilty or commencement of trial and within thirty days, or earlier upon court order, of the arraignment of the *1076 defendant * * * the district attorney may apply for an adjournment of the proceedings upon the ground that he or she intends to file a statement pursuant to subdivision four of this section.” (Emphasis added.)
However, CPL 400.14 (4) does not permit such an interpretation. Specifically, subdivision (4) provides that "the prosecutor must, except upon a waiver by the defendant, file a statement, before commencement of trial or entry of a plea of guilty, setting forth the date and place of each alleged predicate crime conviction.” The Legislature failed to include language requiring the statement to be filed within 30 days of the arraignment of the defendant.
Accordingly, based on the language of the statute, the court must deny defendant’s motion since CPL 400.14 (4) specifically permits the District Attorney to file the statement at any time before commencement of trial or entry of a plea of guilty. The court must follow the literal construction of criminal procedure statutes in accordance with the clear intent of the Legislature. (McKinney’s Cons Laws of NY, Book 1, Statutes § 111; see, People v Flores, 42 AD2d 431 [4th Dept 1973].) However, in the instant case, the intent of the Legislature is vague since the meaning of CPL 400.14 (5) is ambiguous at best. The literal meaning of the words in CPL 400.14 (4) provide a construction permitting the District Attorney to file the statement of the alleged predicate crime at any time before commencement of trial or entry of a guilty plea by the defendant.
Accordingly, the defendant’s motion is denied.