■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOAN KLINE, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered June 22, 1990, convicting her of criminal possession of a forged instrument in the second degree and offering a

false instrument for filing in the first degree (10 counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

Viewing the evidence adduced at trial in a light most favorable to the People, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt and to exclude to a moral certainty any reasonable hypothesis of innocence (see, People v Johnson, 65 NY2d 556; People v Kennedy, 47 NY2d 196). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). The evidence established that the signatures of a doctor and a teacher had been forged on certain forms that the defendant submitted to the Suffolk County Department of Social Services in an attempt to secure funding for her handicapped children's program. The defendant's contention that the "HCP-2" forms were not "written instrument[s]" within the meaning of Penal Law § 175.00 (3) is without merit (cf., People v Bel Air Equip. Corp., 39 NY2d 48; People v Wolf, 59 AD2d 547).

Although we disapprove of the prosecutor's reference to the defendant as "a fraud" during summation, in light of the strong evidence of guilt, we find that the defendant was not deprived of a fair trial (see, People v Crimmins, 36 NY2d 230).

We have reviewed the defendant's remaining contentions and find them to be without merit. Kooper, J. P., Lawrence, Eiber and O'Brien, JJ., concur.