■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREG CURRY, Appellant. [603 NYS2d 578] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered March 19, 1991, convicting him of murder in the second degree, manslaughter in the first degree, reckless endangerment in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Michael Simmons and the defendant had a verbal argument which turned into a fist-fight on Lexington Avenue in Brooklyn. The defendant went into his apartment, got a gun, and chased Michael Simmons and his sister down the street. As the two ran away and turned to look back, the defendant kneeled down on one knee and shot Simmons in the chest, killing him. After a jury trial, the defendant was convicted, *inter alia,* of both depraved indifference murder in the second degree and manslaughter in the first degree.

Because the defendant did not move to set aside the verdict as inconsistent until his sentencing, which was one month after the jury had rendered its verdict and had been discharged, his argument that the verdict is inconsistent is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Pagan,* 132 AD2d 681; *see also, People v Satloff,* 56 NY2d 745, 746, *rearg denied* 57 NY2d 674 [claim of inconsistent verdict waived where no objection is raised prior to discharge of the jury]).

Furthermore, contrary to the defendant's contention, the court properly instructed the jury that the defendant could be found guilty of either intentional murder or depraved indifference murder but not both *(see, People v Gallagher,* 69 NY2d 525, 528).

We have considered the defendant's remaining contentions and find them to be unpreserved for appellate review *(see,* CPL 470.05 [2]) and, in any event, without merit. Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.