◼ The People of the State of New York, Respondent, v Tyrone Samuels, Appellant. [610 NYS2d 593] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rappaport, J.), rendered April 10, 1991, convicting him of murder in the second degree, assault in the first degree (two counts), and assault in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial evidence showed that the defendant and several accomplices smuggled guns into a crowded Brooklyn social club to kill Dennis James, found him and shot him to death, and also shot and killed a young woman and wounded four others in the barrage. Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, neither the familial relationship of one of the People's key witnesses to James nor an accomplice's plea agreement rendered their testimony incredible as a matter of law. Resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant further contends that the verdict acquitting him of intentional murder in the second degree (see, Penal

Law § 125.25 [1]) and intentional assault in the first degree *(see,* Penal Law § 120.10 [1]) is inconsistent with the conviction on two counts of intentional assault in the second degree *(see,* Penal Law § 120.05 [2]). However, since the defendant failed to bring this issue to the trial court's attention prior to the discharge of the jury, his present claim is unpreserved for appellate review *(see, People v Alfaro,* 66 NY2d 985). In any event, we find no impropriety in the verdict. The complained-of counts concern different victims and do not contain identical elements *(see, People v Tucker,* 55 NY2d 1; *People v Tankleff,* 199 AD2d 550; *People v McFadden,* 194 AD2d 566). Even if the evidence is more supportive of a finding of reckless rather than intentional conduct, the verdict may not be set aside simply because one theory is more plausible than another *(see, People v Tankleff, supra).*

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Copertino, Pizzuto and Santucci, JJ., concur.