■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ERIC COLLINS, Appellant. [611 NYS2d 26] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered January 10, 1992, convicting him of reckless endangerment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that he is entitled to a new trial because he was not included in side bar conferences during voir dire when prospective jurors were questioned about their knowledge of the case as a result of media coverage it received, and about their pretrial opinions about the case. In *People v Sloan* (79 NY2d 386), the Court of Appeals held that such questioning of prospective jurors constitutes a material stage of the proceeding at which a defendant has a fundamental right to be present. However, consistent with the Court of Appeals' analogous determination in *People v Mitchell* (80 NY2d 519) holding that the rule of *People v Antommarchi* (80 NY2d 247) was to be applied only prospectively, in *People v Hannigan* (193 AD2d 8), this Court held that the rule of *People v Sloan (supra)* should likewise be applied only prospectively to jury selection procedures taking place subsequent to April 7, 1992, when *People v Sloan (supra)*, was decided. Since the jury selection in the instant case took place prior to the Court of Appeals' determination in *People v Sloan (supra)*, the defendant's argument must be rejected *(see, People v Hannigan*, 193 AD2d, *supra*, at 14).

The defendant's further contention that the jury's verdict, acquitting him of assault in the second degree and assault in the third degree, while convicting him of reckless endangerment in the second degree, is repugnant, is unpreserved for appellate review since he did not raise this claim prior to the discharge of the jury *(see, People v Satloff*, 56 NY2d 745; *People v Gkanios*, 199 AD2d 411; *People v Curry*, 198 AD2d 371). In any event, the defendant's contentions are without merit. In view of the elements of the crimes as charged, the jury's findings were not irreconcilable *(see, People v Tucker*, 55 NY2d 1; *cf., People v Loughlin*, 76 NY2d 804); hence its verdict was not repugnant.

We have reviewed the defendant's remaining contentions and find them to be without merit. Miller, J. P., Lawrence, Altman and Krausman, JJ., concur.