■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUSTIN ROSE, Appellant. [614 NYS2d 258] —Appeal by the defendant from a judgment of the County Court, Nassau County (Seybert, J.), rendered December 15, 1992, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that there was no basis for the impoundment and inventory search of the vehicle he had been driving at the time of his arrest is without merit. There is nothing in the record to support the defendant's contention that this search was a pretextual investigative search rather than routine police procedure *(see, People v Gonzalez,* 62 NY2d 386). The defendant's additional argument that the inventory procedure utilized failed to conform to the standards set forth in *People v Galak* (80 NY2d 715) is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245).

Furthermore, based on our review of the testimony adduced

at the combined *Huntley-Mapp* hearing, we conclude that the hearing court correctly denied suppression of the defendant's post-arrest statements to the police. According much weight to the determination of the suppression court, which had the advantage of seeing and hearing the witnesses *(see, People v Prochilo,* 41 NY2d 759, 761), we find that the defendant was properly advised of his constitutional rights pursuant to *Miranda v Arizona* (384 US 436), which he waived prior to making the statements. To be valid, a waiver need not be express. An understanding of the rights and a course of conduct indicating waiver are sufficient *(see, North Carolina v Butler,* 441 US 369). The fact that the defendant was read the *Miranda* warnings, expressly indicated that he understood his rights, and after being advised of the subject matter of the police inquiry, initiated a conversation by asking questions about the incident, all indicates that a valid waiver had indeed occurred *(see, People v Bretts,* 111 AD2d 864).

The defendant's contention that his sentence was excessive is without merit *(see, People v Kazepis,* 101 AD2d 816). Copertino, J. P., Santucci, Friedmann and Goldstein, JJ., concur.