■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARNOLD THORPE, Appellant. [626 NYS2d 964] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Corrado, J.), rendered February 1, 1993, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Golia, J.), of that branch of the defendant's omnibus motion which was to suppress a statement made by him to the police.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that the hearing court erred in denying that branch of his omnibus motion which was to suppress his inculpatory statement. It is well settled that the factual findings and credibility determinations of the hearing court are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record (see, People v Prochilo, 41 NY2d 759; People v Rose, 204 AD2d 745; People v Ennis, 158 AD2d 467). In this case, there was ample evidence to support the hearing court's determination that the defendant's statement was preceded by the administration of *Miranda* warnings and was voluntarily made. The court properly credited the hearing testimony of the prosecution witnesses, which demonstrated that the defendant received, acknowledged, and voluntarily waived his rights both prior to the commencement of police questioning and at the time he initially inculpated himself in the commission of the crime (see, People v Rose, supra; People v Griffin, 186 AD2d 820; People v Rodriguez, 167 AD2d 562).

The defendant's repugnancy claim is unpreserved for appellate review (see, CPL 470.05 [2]; People v Alfaro, 66 NY2d 985; People v Satloff, 56 NY2d 745; People v Collins, 203 AD2d 584; People v Samuels, 203 AD2d 494), and we decline to consider the issue in the exercise of our interest of justice jurisdiction. Sullivan, J. P., O'Brien, Ritter and Goldstein, JJ., concur.