■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES O. MURRAY, Appellant. [663 NYS2d 653] —Appeal by the defendant from a judgment of the County Court, Westchester County (Angiolillo, J.), rendered January 30, 1996, convicting him of assault in the second degree (two counts), after a non-jury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, an inmate at the Westchester County Jail, was charged, *inter alia*, with five counts of assault against two correction officers following an incident that occurred on January 19, 1995. The testimony elicited at trial revealed that Correction Officer Gerald Farmer, while attempting to put restraints on the defendant, was assaulted by another inmate. After that inmate attacked Officer Farmer, a struggle ensued between the defendant and Officer Farmer. The testimony of Officer Farmer and that of another officer were inconsistent and there is no other evidence that the defendant ever hit Officer Farmer. Having heard an "officer needs assistance" distress call, Correction Officer Dennis Minella arrived at the scene and went to assist in restraining the defendant and the other inmate who had previously attacked Officer Farmer. While attempting to subdue the defendant, Officer Minella injured his knee on the concrete floor.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

Contrary to the defendant's contention, and viewing the elements of the crime as charged, the verdict convicting the defendant of assault in the second degree under Penal Law § 120.05 (3) as to Officer Minella and acquitting him of the same charge as it related to Officer Farmer was not repugnant (*see, People v Tucker*, 55 NY2d 1; *People v Samuels*, 203 AD2d 494). In addition, viewing defense counsel's conduct in its entirety, the defendant was afforded meaningful representation (*see, People v Baldi*, 54 NY2d 137).

The defendant's remaining contentions are without merit. Miller, J. P., Sullivan, Pizzuto and Friedmann, JJ., concur.