(January 18, 2001)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY HILDRETH, Appellant. [719 NYS2d 339] —Mercure, J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered March 10, 1999, upon a verdict convicting defendant of the crimes of manslaughter in the first degree, murder in the second degree, burglary in the first degree (two counts), aggravated criminal contempt and endangering the welfare of a child (two counts).

An indictment charged defendant with a number of crimes arising out of a May 16, 1998 incident in which he unlawfully entered the home of his estranged paramour, Paulina Merrills, and then shot her to death. The first count of the indictment, which is primarily at issue on this appeal, charged defendant with murder in the first degree in violation of Penal Law § 125.27 (1) (a) (vii) by intentionally killing Merrills while he was in the course of committing the crime of burglary in the first degree. The action came on for trial and at the conclusion of the evidence, County Court submitted to the jury the affirmative defense that defendant acted under the influence of extreme emotional disturbance (Penal Law § 125.27 [2] [a]). Manslaughter in the first degree (Penal Law § 125.20 [2]) was therefore submitted as a lesser included offense. The People in turn requested that County Court also submit second degree felony murder (Penal Law § 125.25 [3]) as a lesser included offense under count 1 of the indictment. County Court granted the request over defendant's objection that the People had not produced prima facie evidence to support this lesser charge and also that he was prejudiced by the submission of the new

charge so late in the proceedings, after defendant had cast his lot with the affirmative defense of extreme emotional disturbance.

County Court furnished the jury with a verdict sheet, which first set forth murder in the first degree as count 1 and then listed manslaughter in the first degree and murder in the second degree beneath it as counts 1 (a) and 1 (b), and instructed the jury that if it found defendant not guilty on count 1, then it should record its not guilty verdict and proceed to count 1 (b), murder in the second degree. If, on the other hand, the jury found defendant guilty on count 1, it should proceed to count 1 (a), manslaughter in the first degree. If extreme emotional disturbance was established to the jury's satisfaction, it was to find defendant guilty of manslaughter in the first degree and then go to count 1 (b). If extreme emotional disturbance was not proved, the jury was to record a guilty verdict under count 1 and then proceed to count 4, the first nonhomicide count of the indictment.

When the jury first returned a verdict, it found defendant guilty on counts 1, 1 (a) and 1 (b), i.e., murder in the first degree and both lesser included offenses. County Court informed the jury that it had rendered an impermissible verdict because of the inconsistency between counts 1 and 1 (a) and that it was to return to the jury room and choose between the two counts. Notably, defendant made no mention of the fact that the jury had also rendered a guilty verdict on each of two seemingly inconsistent lesser included offenses. In accordance with County Court's instruction, the jury withdrew its conviction of murder in the first degree and confirmed its conviction of manslaughter in the first degree.

One month following the conclusion of the trial and the discharge of the jury, defendant moved pursuant to CPL article 330 for an order vacating so much of the judgment as convicted him of murder in the second degree upon the grounds that, after finding him guilty of manslaughter in the first degree, it would be "illogical" for the jury to consider and convict him on the higher crime of murder in the second degree as a lesser included offense of murder in the first degree, and that Penal Law § 125.27 (2) (a) prohibits a conviction of murder in the second degree as a lesser included offense of murder in the first degree following a finding of extreme emotional disturbance. County Court denied the motion and sentenced defendant to concurrent prison terms of 25 years to life on the conviction of murder in the second degree, 12½ to 25 years on the conviction of manslaughter in the first degree and two convictions of

burglary in the first degree, and lesser terms on the remaining counts. Defendant now appeals.

Initially, we reject the contention that felony murder (Penal Law § 125.25 [3]) may not as a matter of law constitute a lesser included offense of murder in the first degree under Penal Law § 125.27 (1) (a) (vii). First, although both crimes are classified as an A-1 felony, second degree murder is obviously a crime of a lesser degree than first degree murder (*see*, CPL 1.20 [37]). Second, it is impossible to commit murder in the first degree under Penal Law § 125.27 (1) (a) (vii) without, by the same conduct, committing murder in the second degree as defined in Penal Law § 125.25 (3). As correctly observed by the Fourth Department in *People v Couser* (258 AD2d 74, 76, *affd* 94 NY2d 631), Penal Law § 125.27 (1) (a) (vii) merely elevates the crime of felony murder from murder in the second degree to murder in the first degree if the homicide is shown to have been intentional. Third, there was a logical view of the evidence that would have supported a finding that defendant was guilty of felony murder but not of murder in the first degree as charged in count 1 of the indictment (*see*, CPL 300.50 [1]).

In essence, the posture defendant assumed at trial was that he did not intend to kill the victim but that, should such intent be found, he was acting under the influence of extreme emotional disturbance. That alternative but inconsistent posture brought about parallel and equally inconsistent lesser included offenses. In the event that the jury found that defendant did not intend to kill the victim, it could find him guilty of felony murder. If, on the other hand, it found such intent but also found that defendant acted under the influence of extreme emotional disturbance, it could find him guilty of manslaughter in the first degree. Although the jury should not have been permitted to render a guilty verdict with respect to each of those inconsistent lesser included offenses (*see*, CPL 300.50 [4]), by failing to object to County Court's erroneous instructions and, even more so, by failing to raise the issue of repugnancy before the jury was discharged, defendant has failed to preserve that issue for our consideration (*see*, *People v Alfaro*, 66 NY2d 985, 987; *People v Satloff*, 56 NY2d 745; *People v Robinson*, 258 AD2d 817, 818, *lv denied* 93 NY2d 978; *People v Curry*, 198 AD2d 371, *lv denied* 83 NY2d 804).

Nor are we persuaded to consider the issue in the interest of justice. Had the jury been properly instructed, it could and should have considered murder in the second degree before it considered manslaughter in the first degree (*see*, *People v Johnson*, 87 NY2d 357, 360), in which case defendant could

have received the same 25-year-to-life sentence as the one actually imposed by County Court.

Defendant's remaining contentions have been considered and found to be lacking in merit.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.