■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER RODRIGUEZ, Appellant. [776 NYS2d 79]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered April 29, 2002, convicting him of murder in the first degree, murder in the second degree (two counts), burglary in the first degree, criminal possession of a weapon in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the convictions of murder in the second degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The defendant correctly contends that his two convictions of murder in the second degree pursuant to Penal Law § 125.25 (1) and (3), respectively, were lesser-included offenses, and hence inclusory concurrent counts, of his conviction of murder in the first degree pursuant to Penal Law § 125.27 [1] [a] [vii] (*see* CPL 300.30 [4]). "When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a 'lesser included offense' " (CPL 1.20 [37]; *see People v Biggs*, 1 NY3d 225, 230 [2003]; *People v Baglieri*, 51 AD2d 587, 588 [1976]). It is impossible to violate Penal Law § 125.27 (1) (a) (vii) without also violating Penal Law § 125.25 (1) and (3) (*see People v Hildreth*, 279 AD2d 791, 793 [2001]; *see generally People v Glover*, 57 NY2d 61, 63-64 [1982]).

Moreover, contrary to the People's argument, murder in the second degree is a crime of lesser "degree" than murder in the first degree because it "is a lower level of the same general *crime* classified by statute in degrees of seriousness," and is distinguished from murder in the first degree only because of "the presence of additional elements" in the definition of the latter (*People v Wolf*, 59 AD2d 547 [1977] ; *see People v Hildreth, supra*; *see also People v Flores*, 42 AD2d 431, 434 [1973]). Murder in the second degree is also a crime of lesser "grade" than murder in the first degree because it is subject to a lesser penalty (*see People v Diaz*, 65 AD2d 929 [1978]; *People v Flores, supra*; Penal Law §§ 60.06, 70.00 [3] [a] [i]; [5]; CPL 400.27 [1]).

Because a conviction on the greatest of several concurrent counts is deemed a dismissal of every lesser count submitted to the jury (*see* CPL 300.40 [3] [b]), the defendant's convictions of murder in the second degree must be vacated.

The defendant's remaining contentions are without merit. Prudenti, P.J., Ritter, H. Miller and Adams, JJ., concur.