=================================================================
This opinion is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------
No. 10
The People &c.,
          Respondent,
        v.
Steven Repanti,
          Appellant.

          William A. Gerard, for appellant.
          Anthony R. Dellicarri, for respondent.

RIVERA, J.:

          Defendant Steven Repanti claims that he was unlawfully

convicted of attempted assault in the third degree (Penal Law §

120.00) and harassment in the second degree (Penal Law § 240.26)

- 1 -

because those counts are based on the same conduct and therefore, on the facts of his case, harassment must be treated as a lesser included offense of attempted assault.  We disagree.

At the time of the underlying incident, defendant, complainant and her husband lived at the same senior community residence in the Town of Ramapo, Rockland County.  Based on complainant's allegations the People charged defendant by misdemeanor information with one count of attempted assault in the third degree (Penal Law §§ 120.00 [1], 110.00).  Approximately one year later, on the day of the nonjury trial, the People filed a superceding prosecutor's information adding a charge of harassment in the second degree (Penal Law § 240.26 [1]).  The People characterized the harassment count as a lesser included offense of the assault, erroneously citing People v Moyer (27 NY2d 252 [1970]).  The court permitted the new filing over defendant's objection to the facial sufficiency of the instrument.

According to the evidence presented at trial, complainant was ascending the staircase to her home when defendant exited a neighbor's apartment, waited, then walked down the same staircase and forcefully "banged into" complainant with his shoulder.  Complainant did not suffer any physical injuries because she fell back against her husband who was walking directly behind her.  Defendant testified on his own behalf, disputing that he had any physical contact with complainant or

her husband.  During summations, counsel asserted that defendant was overcharged, contending that the harassment count was "really more of a lesser included" and, in any event, averred that the weight of the evidence was insufficient to convict on either. The prosecutor also noted that the harassment count was a lesser included offense, and submitted to the court that defendant should be convicted of both.

The court convicted defendant on both the attempted assault and second degree harassment charges.  At sentencing defense counsel challenged the dual convictions, stating,

> "I'm a little puzzled about a conviction for both charges.  I think it's one or the other. I had tended to believe the harassment would be the more appropriate based on the evidence.  I don't really think he could be convicted of both and sentenced for both. But in any event I would ask the Court to consider his circumstances."

The court immediately sentenced defendant to a one-year term of probation for the attempted assault and imposed a $250.00 fine on the harassment conviction, along with a $125.00 surcharge.

The Appellate Term affirmed, rejecting defendant's contention that harassment in the second degree is a lesser included offense of attempted assault in the third degree, based on the authority of this Court's decision in People v Moyer (27 NY2d 252 [1970]) (see People v Repanti, 40 Misc 3d 131 [A] [App Term 2013]).  A Judge of this Court granted defendant leave to appeal, and we now affirm (22 NY3d 1043 [2013]).

Defendant contends that the verdict is defective

because under our prior case law he cannot be lawfully convicted of attempted assault and harassment where, as here, the counts are based on the same conduct -- physical contact with the complainant -- and distinguished solely by a different intent element. According to defendant, in such a case harassment must be treated as a lesser included offense, which thus bars his conviction for the greater offense of attempted assault. In response, the People argue that under this Court's prior decisions, including Moyer, harassment is not a lesser included offense. We agree.

In deciding this appeal we do not write on a clean slate. Indeed, as both parties recognize, this Court has previously decided the standard by which to determine what constitutes a lesser included offense, and also held that harassment is not a lesser included offense of assault. Thus, we return to well-trodden ground in addressing defendant's claims, and based on existing case law find his arguments to be without merit.

To establish that a count is a lesser included offense in accordance with CPL 1.20 (37), a defendant must establish "that it is theoretically impossible to commit the greater offense without at the same time committing the lesser" (People v Glover, 57 NY2d 61, 64 [1982]). Such determination requires the court to compare the statutes in the abstract, without reference to any factual particularities of the underlying prosecution

(id.).  Thus, the defendant must show that the offense "is an offense of lesser grade or degree and that in all circumstances, not only in those presented in the particular case, it is impossible to commit the greater crime without concomitantly, by the same conduct, committing the lesser offense"  (id. at 63). Since defendant cannot establish that in all circumstances it is impossible to commit attempted assault without also committing harassment, his challenge to his conviction on both these counts fails as a matter of law.[1]

Our comparison of attempted assault and harassment establishes that these counts do not share a common intent element.  To be guilty of attempted assault in the third degree requires proof that defendant "engage[d] in conduct which tends to effect the commission of [assault]," with the "intent to cause physical injury to another" (Penal Law §§ 110, 120.00 [1]).  A conviction for harassment requires that defendant "with intent to harass, annoy or alarm another . . . [,] shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same" (Penal Law § 240.26 [1]). In 1970, in Moyer, a majority of this Court concluded that

---

[1]Given that defendant cannot establish theoretical impossibility, we need not consider whether under the particular facts of his case, defendant would be able to make the additional mandatory showing of "actual impossibility," which requires that "there is a reasonable view of the evidence in the particular case that would support a finding that [the defendant] committed the lesser offense but not the greater" (see Glover, 57 NY2d at 64).

harassment is not a lesser included offense of assault because "an additional element or fact must be shown to be present in a case of harassment," requiring proof of an intent to harass, annoy or alarm, which is not a required element of an assault count (Moyer, 27 NY2d at 254). Instead, assault requires intent to injure, irrespective of whether the defendant also harbors an intent to harass, annoy or alarm (compare Penal Law § 120.00 with Penal Law § 240.26).

It remains true today, as it did when Moyer was decided, that as an abstract concept it is possible to intend to annoy, harass or alarm without also intending to injure based on conduct that causes annoyance, harassment or alarm.  Similarly, an intent to injure through physical contact involves a purpose of mind focused on a result more serious than that which may be obtained by the mere action of causing annoyance or alarm.  For example, a person's use of force to cause physical injury, such as pushing someone to break their arm or dislocate their shoulder, is not the same state of mind held by a person seeking to make physical contact to annoy or bother another person.  Even if in some cases the proof is sufficient to establish a defendant's intent to injure and intent to annoy, harass or alarm, the fact that there is a potential subset of cases where it is possible to be guilty of both offenses does not overcome the theoretical impossibility requirement that the elements align in all cases (see Glover, 57 NY2d at 64).

Defendant argues that the impossibility rule does not apply here because he was convicted of an attempted assault, not a completed assault as in Moyer.  This is a distinction without significance for purpose of our analysis because, as defendant acknowledges, the question is whether attempted assault and harassment share the same elements, which they do not.  An attempted assault requires the intent to commit an assault, which carries a different intent from harassment.

Defendant seeks to further distinguish his case by relying on this Court's decision in People v Stanfield (36 NY2d 467 [1975]) to argue that where two charges depend on the same conduct and differ only based on the degree of culpability, the lesser charge is a lesser included offense.  In Stanfield, the Court held that criminally negligent homicide is a lesser included offense of the crime of manslaughter in the second degree (id. at 469).  Defendant argues that his case falls squarely within what he calls the "Stanfield Rule" because he was convicted based on the same conduct under counts that require a different intent.

Defendant's contention that Stanfield somehow "clarified" this Court's prior interpretation of CPL 1.20 (37) by creating an exception to the theoretical impossibility requirement ignores subsequent case law and the fact that Glover limited Stanfield.  As Glover recognized, the theoretical impossibility requirement "is mandated by the provisions of CPL

1.20 (37)," thus <u>Glover</u> correctly rejected <u>Stanfield</u> to the extent the latter could be interpreted to disavow the "theoretical impossibility" requirement in favor of reliance on impossibility based solely on the particular facts in an individual defendant's case (<u>Glover</u>, 57 NY2d at 64).

This Court's decision in <u>People v Green</u>, decided the same day as <u>Glover</u>, confirms that harassment is not a lesser included offense of attempted assault. In <u>Green</u>, the Court held that it was error to deny a defendant charged with first degree intentional assault a lesser included offense charge of assault in the second degree, because the acts necessary to prove both crimes are the same and there is only a difference in the degree of culpability, namely intentional for first degree assault and reckless for second degree (56 NY2d 427, 435 [1982]). Here, of course, the degree of culpability is the same as both counts require intent on the part of the defendant -- intent to cause physical injury in the case of attempted of assault, versus intent to harass, annoy or alarm in the case of harassment.

Given this understanding of what constitutes a lesser included offense, not surprisingly, in <u>People v Todd</u>, decided after <u>Glover</u> and <u>Green</u>, this Court affirmed a lower court's refusal to charge harassment as a lesser included offense of assault in the third degree (<u>see</u> 59 NY2d 694, 696 [1983], citing <u>Glover</u> and <u>Moyer</u>). We therefore find dispositive the authority of <u>Moyer</u>, <u>Glover</u>, <u>Green</u> and <u>Todd</u>, and conclude that harassment is

not a lesser included offense of attempted assault.[2]  Accordingly,

the order of the Appellate Term should be affirmed.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed.  Opinion by Judge Rivera.  Chief Judge Lippman
and Judges Read, Pigott and Abdus-Salaam concur.  Judges Stein
and Fahey took no part.

Decided February 17, 2015

---

[2]Defendant's alternative argument, raised for the first time
at oral argument, that the verdict is repugnant because the
respective counts require a distinct mens rea is wholly
unpreserved for our consideration (see People v Carter, 7 NY3d
875, 876 [2006]; CPL § 470.05 [2]).