The People of the State of New York, Respondent,
against
Natacha Prince, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Elisa S. Koenderman, J.), rendered May 29, 2014. The judgment, insofar as appealed from as limited by the brief, convicted defendant, after a nonjury trial, of attempted assault in the third degree.




ORDERED that the judgment, insofar as appealed from, is affirmed.
Defendant was originally charged with assault in the third degree (Penal Law § 120.00 [1]) and harassment in the second degree (Penal Law § 240.26 [1]). The assault charge was reduced to attempted assault in the third degree.
At a nonjury trial, the victim testified that, at approximately 9:45 a.m. on December 25, 2012, in defendant's apartment, defendant pulled the victim's hair and hit and punched her in the face several times. The victim ran out of the apartment without shoes. The police were called, and responded. The victim, who was transported by ambulance to Jamaica Hospital, sustained a bloody nose and facial injuries. The victim and defendant had argued, among other things, about the victim having embarrassed defendant at a party the previous night, and the victim not having paid rent to defendant.
The victim admitted that she had been convicted in 2005 of attempted assault, and in 2009 of disorderly conduct. In 2011, an order of protection was issued in favor of defendant and against her, but the victim alleged that the order was no longer in effect on December 25, 2012. The victim also admitted that she had pleaded guilty in Florida in connection with a violent incident between herself and another woman, although the victim claimed that she had been defending herself.
A New York City police officer testified that, at approximately 9:45 a.m. on December 25, 2012, he and his partner responded to Atlantic Avenue and Rockaway Boulevard in Queens. The officer saw a woman, who he learned was the victim, with blood on her face and no shoes on. The officer took two photographs of the victim's face, depicting the injuries, which were admitted into evidence. The victim told the officer that defendant had assaulted her, and provided the police with defendant's address. The victim's medical records were also admitted into evidence.
Defendant testified that, on November 1, 2012, she drove the victim from Florida, where the victim was living at the time, to New York, even though defendant had an order of protection against the victim that was still in effect. During the late evening of December 24, 2012, [*2]defendant went to a party with a friend. They left the party between 4:00 and 5:00 a.m., and returned to defendant's apartment. Defendant denied that she had seen the victim at the party. Later that morning, the victim and defendant's friend argued in the doorway of defendant's apartment building. Defendant claimed that the victim tended to be violent. She tried to calm the victim and convince her to leave. According to defendant, the victim grabbed her hair, hit her several times on top of her head, and ran away. Defendant did not see any injuries on the victim, and defendant denied that she shad struck the victim.
During cross-examination, defendant testified that her friend's cell phone was dead, that defendant had left her cell phone at the party the night before, and that she did not have a home telephone.
Defendant's friend testified in a manner similar to defendant. In addition, she testified that the victim had an attitude, and was acting "a little irrational." The victim had tried to push her way into the doorway of defendant's apartment building. She did not see the victim hit defendant. She used defendant's phone to call 911.
Defendant appeals, as limited by her brief, from so much of a judgment as convicted her of attempted assault in the third degree. Defendant claims that her guilt of that charge was not supported by legally sufficient evidence because the People failed to elicit sufficient evidence of defendant's intent to cause physical injury to the victim.
As defendant, at the close of all of the evidence, failed to move to dismiss on the specific ground of lack of evidence of intent to cause physical injury, her claim is unpreserved for appellate review (see CPL 470.05 [2]; People v Kolupa, 13 NY3d 786, 787 [2009]; People v Hines, 97 NY2d 56, 61-62 [2001]; People v Gray, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that defendant's guilt of attempted assault in the third degree was supported by legally sufficient evidence.
For a person to be found guilty of attempted assault in the third degree, the People must prove beyond a reasonable doubt that the person engaged in conduct which tends to effect the commission of assault, with the intent to cause physical injury to another (see Penal Law §§ 110.00, 120.00 [1]; People v Repanti, 24 NY3d 706, 710 [2015]; People v Cherry, 104 AD3d 468, 469 [2013]). Intent to cause physical injury can be inferred from the defendant's acts (see People v Bueno, 18 NY3d 160, 169 [2011]; People v Valentine, 48 Misc 3d 130[A], 2015 NY Slip Op 51004[U] [App Term, 1st Dept 2015]). In the case at bar, the victim testified that defendant pulled her hair and slapped and punched her in the face, causing facial injuries and a bloody nose. Her injuries were confirmed by a police officer, who testified regarding the condition of the victim's face and that an ambulance had transported her to Jamaica Hospital. Thus, defendant's guilt of attempted assault in the third degree was supported by legally sufficient evidence (see People v Muier, 50 Misc 3d 136[A], 2016 NY Slip Op 50091[U] [App Term, 1st Dept 2016]; People v Valentine, 48 Misc 3d 130[A], 2015 NY Slip Op 51004[U]; People v Urias, 20 Misc 3d 134[A], 2008 NY Slip Op 51484[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]). 
Defendant's claim that the evidence of the victim's injuries was insufficient to establish that defendant intended to cause physical injury is without merit. Even if a victim is not injured, a defendant may be convicted of attempted assault (see People v Perry, 95 AD3d 1444, 1445 [2012]). Nor, contrary to defendant's contention, were the People required to prove a motive for defendant's conduct. In People v Chiddick (8 NY3d 445, 448 [2007]), the Court of Appeals stated only "that the motive of the offender may be relevant." The Court did not hold that a motive must be proven.
In conducting an independent review of the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]), this court accords great deference to the factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor. Upon a review of the record, we find that the verdict of guilt of attempted assault in the third degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Accordingly, the judgment, insofar as appealed from, is affirmed.
Elliot, J.P., Pesce and Solomon, JJ., concur.
Decision Date: January 24, 2017