People v Rose (2024 NY Slip Op 50796(U))

[*1]

People v Rose (Cobi)

2024 NY Slip Op 50796(U)

Decided on June 6, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 6, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, GRETCHEN WALSH, JJ

2023-469 S CR

The People of the State of New York, Respondent,
against
Cobi A. Rose, Appellant. 

Costantino & Costantino, LLP (Joseph A. Costantino of counsel), for appellant.
Suffolk County District Attorney (Rosalind C. Gray and Marion Tang of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, First District (John Kelly, J.), rendered March 23, 2023. The judgment convicted defendant, after a nonjury trial, of harassment in the second degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged with harassment in the second degree (Penal Law § 240.26 [1]). Following a nonjury trial, defendant was convicted as charged, and sentence was imposed.
"A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person[, h]e or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same" (Penal Law § 240.26 [1]; see People v Repanti, 24 NY3d 706, 710 [2015]). Intent may, and in most instances must, be established by inferences drawn from a defendant's conduct and the surrounding circumstances (see People v Rodriguez, 17 NY3d 486, 489 [2011]; People v Bracey, 41 NY2d 296, 301 [1977]; People v Collins, 178 AD2d 789, 789 [1991]).
Defendant's sole contention on appeal—that the evidence was legally insufficient to establish his intent to harass, annoy or alarm the complainant—is unpreserved for our review, as he failed to move for a trial order of dismissal (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the People (see People v Delamota, 18 NY3d 107, 113 [2011]; People v Acosta, 80 NY2d 665, 672 [1993]), we find that the District Court was entitled to infer from defendant's conduct and the surrounding circumstances an intent to harass, annoy or alarm the complainant (see People v Flores, 30 Misc 3d 135[A], 2011 NY Slip Op 50152[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the judgment of conviction is affirmed.
GARGUILO, P.J., DRISCOLL and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 6, 2024